```
CCPCVMB        SUPREME COURT STATE OF NEW YORK    DATE: 04/16/2008
INDEX NO: 401585 2007 E         NEW YORK COUNTY CLERK        TIME: 11:14:29
PURCHASE: 03262007       CIVIL INDEX MINUTE BOOK INQUIRY

PLAINTIFF NAME: ADELBERG CAROL          DEFENDANT NAME: PFIZER INC
     ATTORNEY: UNKNOWN                        ATTORNEY: UNKNOWN


SEQ  DATE                    MINUTES
0001 03262007                TRANSFER PAPERS FROM NASSAU COUNTY


0001 04042007                NOTICE OF APPEARANCE


0001 03062008                STIPULATION OF PARTIAL DISMISSAL


0001 04092008                ORDER IAS PART 54 SEQ 001 WITHDRAWN


                                    NEXT INDEX NUMBER:         /
 F2=PRINT  F3=EXIT  F5=VIEW NEXT  F7=BACKWARD  F8=FORWARD  F12=EXIT MAIN
```

**KAREN V. MURPHY**
Nassau County Clerk

# APPLICATION FOR INDEX NUMBER
Pursuant to Section 8018 (a) Civil Practice Law and Rules

## FEE: $170.00

_Supreme_ _____ **COURT: NASSAU COUNTY**

INDEX NUMBER

CS-CCC52

FULL TITLE OF ACTION OR PROCEEDING *(Please type or print)*

Carol Adelberg, et ux. Arthur Adelberg
and Antonio Amendoeira, et ux. Maria Amendoeira

Plaintiff

#401585/07

FILED

MAR 2 6 2007

NEW YORK
COUNTY CLERK'S OFFICE

vs.

Pfizer, Inc., Pharmacia Corporation, a wholly-owned
subsidiary of Pfizer, Inc., and Pharmacia & up John
company, a wholly-owned subsidiary of Pharmacia
corporation, and Merck & Co., Inc.,

Defendant

Third Party *(If Applicable)*

| | | |
|---|---|---|
| Application for Index Number filed by: | ☑ Plaintiff | ☐ Defendant |
| Is this action for a provisional remedy, no action pending? | ☑ Yes | ☐ No |

| Type of Action: | ☑ Tort → | ☐ Motor Vehicle | ☑ Other - Personal Injury |
|---|---|---|---|
| | ☐ Contract | | |
| | ☐ Commercial | | |
| | ☐ Matrimonial → | ☐ Contested | ☐ Uncontested |
| | ☐ Tax Certiorari | | |
| | ☐ Other *(Please Indicate)* | | |

**For Plaintiff or Petitioner:**

Name  Law Offices of Ronald R. Benjamin

Address  126 Riverside Drive

Town Zip  Binghamton  NY  13902

Telephone Number  1-607-772-1442

E-Filed Document
# 1

**For Defendant or Respondent:**

Name _____

Address _____

Town, Zip _____

Telephone Number _____



NASSAU COUNTY CLERK'S OFFICE
ENDORSEMENT COVER PAGE

Recorded Date: 04-29-2005           Record and Return To:
Recorded Time: 12:17:37 p

    Liber Book:
    Pages From:
          To:                       #401585/07

       Control
       Number:  2921
       Ref #: 05--006682
     Doc Type: C21  INDEX # W/ SUMMONS & COMPLAINT


Plnt: ADELBERG, CAROL
Plnt: ADELBERG, ARTHUR
Dfnd: PFIZER INC
Dfnd: PHARMACIA CORP

FILED

MAR 2 6 2007

NEW YORK
COUNTY CLERK'S OFFICE


                        Taxes Total              .00
                     Recording Totals         210.00
HEI001                  Total Payment         210.00

 THIS PAGE IS NOW PART OF THE INSTRUMENT AND SHOULD NOT BE REMOVED
                     KAREN V. MURPHY
                      COUNTY CLERK



2005042902921

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
-----------------------------------------------------------------
CAROL ADELBERG, et ux. ARTHUR ADELBERG and
ANTONIO AMENDOEIRA, et ux. MARIA
AMENDOEIRA,

**SUMMONS**

                         Plaintiffs,

Plaintiff designates **Nassau County** as
place of trial based on plaintiff's
Index No.:

residence        - against-

Date Filed:

PFIZER, INC., PHARMACIA CORPORATION, a
wholly-owned subsidiary of PFIZER, INC., and
PHARMACIA & UPJOHN COMPANY, a wholly-owned
subsidiary of PHARMACIA CORPORATION and
MERCK & CO., INC.

                         Defendants.
-----------------------------------------------------------------
TO THE ABOVE NAMED DEFENDANT(S):

    YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of
your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the
Plaintiff's undersigned attorney within twenty (20) days after service of this summons, exclusive of the
day of service (or within thirty (30) days after the service is complete if this summons is not personally
delivered to you within the State of New York); and in case of your failure to appear or answer, judgment
will be taken against you by default for the relief demanded in the complaint.

Dated:  April 20, 2005
        Binghamton, New York

Plaintiffs' Residences:  Carol and Arthur Adelberg, 21 Avondale Road, Plainview, New York 11803
                    Antonio and Maria Amendoeira, 104 Raff Avenue, Mineola, New York 11501

Defendant's Business address:  Pfizer Inc., 245 E. 42nd Street, New York, NY 10017-5755
                               Pharmacia Corporation, 100 Route 203, North Peapack, NJ 07977
                               Pharmacia & Upjohn Company, Tax Dept., 88-106, 7000 Portage Road,
                               Kalamazoo, MI 49001
                               Merck & Co., Inc., One Merck Drive, P.O. Box 100 WS3AB-05,
                               Whitehouse Station, NJ 08889-0100

*Ronald R. Benj*

Ronald R. Benjamin, Esq.
**LAW OFFICES OF RONALD R. BENJAMIN**
Attorney for Plaintiff
126 Riverside Drive
P.O. Box 607
Binghamton, New York 13902-0607
(607) 772-1442

**FILED**

MAR 2 6 2007

NEW YORK
COUNTY CLERK'S OFFICE

STATE OF NEW YORK:  SUPREME COURT
COUNTY OF NASSAU
— — — — — — — — — — — — — — — — — —

CAROL ADELBERG, et ux., ARTHUR ADELBERG, and
ANTONIO AMENDOEIRA, et ux. MARIA
AMENDOEIRA,

#A01585/07

                              Plaintiffs,                    **COMPLAINT**

                    -vs-                                     Index No. :

PFIZER, INC.,  PHARMACIA CORPORATION, a wholly-          Date Filed:
own subsidiary of PFIZER, INC., and PHARMACIA &
UPJOHN COMPANY, a wholly owned subsidiary of
PHARMACIA CORPORATION, and
MERCK & CO, INC,

                                              **FILED**

                              Defendants.      MAR 2 6 2007

— — — — — — — — — — — — — — — — — —      NEW YORK
                                          COUNTY CLERK'S OFFICE

       Plaintiffs CAROL ADELBERG, et ux., ARTHUR ADELBERG, and ANTONIO

AMENDOEIRA, et ux. MARIA AMENDOEIRA, by and through counsel, the Law Office of Ronald

R. Benjamin, complaining of each defendant, allege as follows:

       1.  Plaintiffs are and at all times relevant herein were residents of and domiciled in the State of

New York.

       2.  Upon information and belief, defendant PFIZER INC., is a Delaware corporation with its

principal place of business located at 235 East 42nd Street, New York, New York, and is authorized

to do and doing business in the State of New York with the county of its principal office registered as

New York County.

       3.  Upon information and belief, defendant PHARMACIA & UPJOHN COMPANY  is a

wholly-owned  subsidiary of PHARMACIA CORPORATION, and at times relevant to this

complaint, each was a foreign corporation incorporated in the State of Delaware, and authorized to

do business in the State of New York, registered in or with its principal office located in New York

County.

4.  Upon information and belief, as the result of a corporate merger between Pfizer, Inc., and Pharmacia Corporation in or about April 2004, Pharmacia Corporation which is a wholly-owned subsidiary of Pfizer, Inc., and, as a result thereof, Pfizer, Inc., is legally responsible for all obligations, debts and liabilities of Pharmacia Corporation and Pharmacia & Upjohn Company, and is the successor in interest and real party to Pharmacia Corporation and Pharmacia & Upjohn Company (hereafter collectively referred to as "Pfizer defendants").

5.  Upon information and belief, at all times relevant hereto defendant MERCK & CO. INC. (hereafter "Merck" or defendant), was and is a foreign corporation by virtue of being incorporated in New Jersey, and has its principal place of business at One Merck Drive, P.O. Box 100, WS3AB-05 Whitehouse Station, New Jersey 08889-01000, and is authorized to do business in the State of New York, with its registered principal office located at 111 Eighth Avenue, New York, NY 10011, in the County of New York.

6.  At all relevant times herein mentioned the Pfizer defendants engaged in the design, manufacture, production, testing, study, research, inspection, mixture, labeling, marketing, advertising, sales, promotion, and/or distribution of their pharmaceutical products including the non-steroidal anti-inflammatory arthritis and acute pain medications **CELEBREX (celecoxib)** and **BEXTRA (valdecoxib)**, which are selective inhibitors of cyclo-oxygenase 2 (COX-2), for ultimate sale and/or use in the United States of America as well as in countries throughout the world.

7.  At all relevant times herein mentioned defendant Merck engaged in the design, manufacture, production, testing, study, research, inspection, mixture, labeling, marketing, advertising, sales, promotion, and/or distribution of pharmaceutical products including the non-steroidal anti-inflammatory arthritis and acute pain medication **VIOXX (rofecoxib)**, a selective COX-2 inhibitor, for ultimate sale and/or use in the United States of America as well as in countries

throughout the world.

8.  Each of the defendants are liable for the acts and transactions complained of herein that occurred and injured plaintiffs  in and thus had consequences in the State of New York.

9.  Upon information and belief, each of the defendants used a wide range of marketing methods to promote the aforesaid products  and place the same in the stream of commerce, including, but not limited to, sponsoring medical journals to promote the alleged benefits of their products, using sales representatives including detailmen to call to on physicians throughout the country to encourage them to prescribe each of the defendants' products, sponsoring continued medical education programs for the express purpose of promoting their products, hiring experts in the field to speak to physicians for purposes of promoting their products, by direct advertisements to consumers and end- users of the products, and by utilizing the media to promote the alleged benefits of the products.

10.  Upon information and belief, each of the defendants engaged in extensive advertising and promotional activity which indicated their drugs were efficacious for treating and safe to use, and published a description of their respective drugs in the Physician's Desk Reference for use by doctors in determining whether to prescribe said drugs to patients, including plaintiffs.

11.  Upon information and belief, due to defendant's promotional activity with respect to the aforesaid products, each injured plaintiff was prescribed the drugs based on the belief the same were safe to use and unlikely to subject him or her to serious side effects as a result thereof.

12.  Upon information and belief, had each of the defendants carried out proper testing on their products it would have realized the risks of using their products included cardiovascular events including but not limited to heart attack, stroke and thromboembolism, and that the risks far outweighed any alleged benefits from the products.

13.  Upon information and belief, each of the defendants, through its agents, employees and representatives, engaged in intentional efforts to hide and withhold from the public safety concerns

expressed by its own officials and researchers linking the aforesaid drugs to increased heart risks.

14. In reliance on the same, plaintiffs CAROL ADELBERG and ANTONIO AMENDOEIRA ingested the drugs and continued ingesting the drugs for a period of time as instructed by their respective prescribing physicians.

15. For a period of time starting in or about 2002 and continuing thereafter at various times, injured plaintiff CAROL ADELBERG ingested the drugs Vioxx and Bextra as directed by her physicians and in accordance with the respective manufacturer's instructions.

16. For a period of time starting in or about 1999 and continuing thereafter at various times, injured plaintiff ANTONIO AMENDOEIRA ingested the drugs Celebrex and Vioxx as directed by his physicians and in accordance with the respective manufacturer's instructions.

17. On September 30, 2004 , Merck & Co., Inc. announced a voluntary withdrawal of Vioxx from the U.S. and worldwide market due to safety concerns of an increased risk of cardiovascular events (including heart attack and stroke) in patients on Vioxx, and thereafter further studies called into question the safety of both Celebrex and Bextra with regard to increased cardiovascular risks.

18. As a direct and proximate result of the conduct of each of the defendants, the injured plaintiffs sustained severe injuries, which, upon information and belief, are permanent in nature.

19. By reason of the foregoing, each of the injured plaintiffs sustained great pain and suffering, and continued to sustain great pain and suffering for a lengthy period of time, and sustained great anxiety and fear of additional adverse medical consequences, and will continue to so suffer in the future.

20. By reason of injuries caused by ingestion of the aforesaid drugs, the injured plaintiffs each incurred or may be obligated to pay monies for medical expenses.

21. The injuries sustained by the aforesaid plaintiffs and the damages resulting therefrom were caused solely by the defendants' defective products without any fault on the part of the plaintiffs

contributing hereto.

22.   Plaintiffs allege that the limitations on liability set forth in CPLR § 1601 do not apply under the exemptions set forth in CPLR §§ 1602(5), 1602(7) and 1602(11).

23.   In the event applicable, plaintiffs rely on the provisions of CPLR §214-c(4).

## AS AND FOR A FIRST CAUSE OF ACTION
## (NEGLIGENCE AND GROSS NEGLIGENCE)

24.   Plaintiffs reallege and incorporate herein as if fully set forth herein the allegations in the preceding paragraphs 1 through 29 of this complaint.

25.   Each of the defendants knew or should have known with the exercise of reasonable care that the products complained of are unreasonably dangerous products, and nevertheless promoted and placed said products into the stream of commerce.

26.   Prior to the time the injured plaintiffs ingested the products as aforesaid, each of the defendants knew or should have known that a significant portion of the users of the products would be subject to a significant risk and increased risk of serious side effects, including cardiovascular disease and stroke.

27.   Upon information and belief, each of the defendants failed to carry out adequate investigation including, but not limited to, failing to adequately test their respective products.

28.   Each of the defendants was further grossly negligent and evinced a reckless disregard for the safety of persons who would be using said products by downplaying , minimizing, and otherwise failing to warn the medical profession , the public in general and each plaintiff in particular about the serious and deadly side effects of their products, while at the same time promoting the drugs on the basis of minor alleged benefits and unsubstantiated or false claims as to efficacy for pain management.

29.   As a direct and proximate result of the negligence of each of the defendants, the injured plaintiffs were harmed and sustained the injuries as aforesaid due to ingesting the products over a period of time.

30.   As a result of the foregoing, each of the injured plaintiffs is entitled to compensatory damages from each of the defendants, and to exemplary damages from each of the defendants.

## AS AND FOR A SECOND CAUSE OF ACTION
## (STRICT LIABILITY)

31.   Plaintiffs incorporate by reference and reallege all preceding paragraphs as if fully set forth herein and further allege the following.

32.   At all times herein mentioned, the defendants' respective products were dangerous and defective, in that any benefit from said products was outweighed by the serious and deadly side effects of said drugs.

33.   Each of the defendants placed said products into the stream of commerce with reckless disregard for the public safety in that it did not carry out adequate testing, did not timely or adequately continue to test and monitor the safety of the drugs, or take other reasonable steps to assure the products were efficacious for the purpose for which they were intended without subjecting the user to significant and harmful side effects as aforesaid.

34.   Each of the defendants are strictly liable for the harm the injured plaintiffs sustained as a result of ingesting the products as aforesaid.

35.   As a result of reckless disregard for the public welfare and welfare of each plaintiff in particular, each of the plaintiffs is entitled to exemplary damages from each of the defendants in addition to compensatory damages sustained as a result of each of the defendants' conduct.

## AS AND FOR A THIRD CAUSE OF ACTION
## (MISREPRESENTATION AND FAILURE TO WARN)

36.   Plaintiffs incorporate by reference and reallege all preceding paragraphs as if fully set forth herein and further allege the following.

37.   Beginning prior to the time the plaintiffs herein ingested the drugs as aforesaid, each of the defendants engaged in a strategy involving aggressively marketing and selling the aforesaid products by

falsely misleading potential users as to the safety of the drugs, by promoting the drugs based on unsubstantiated safety claims, and by failing to protect users from serious dangers which each of the defendants knew or should have known to result from use of said products.

38.   By use of affirmative misrepresentations and omissions, each of the defendants engaged in promotional or advertising programs that falsely and fraudulently sought to create the image and impression that the the aforesaid drugs were safe, known to be safe or had minimal risks to the public and each plaintiff in particular.

39.   Upon information and belief, each of the defendants understated downplayed or withheld information concerning health hazards and risks associated with the drugs, as well as the lack of adequate testing and monitoring for safety.

40.   Each of the defendants failed to provide  adequate warnings and/or information concerning the harms or potential harms of and dangers of the use of said products to the public for whom the drugs were not expressly contraindicated, and diluted any warnings by representing that adverse events were not significant for persons likely to be the users of said drugs.

41.   As a direct and proximate result of the aforesaid failure by each of the defendants to provide appropriate warnings and/or instructions, each plaintiff sustained the harm complained of herein.

42.   Upon information and belief, at the times relevant to this complaint, each defendant was in possession of information demonstrating serious side effects evidencing the increased risk the drugs posed to patients, or clearly should have been in possession of such information yet continued to market the products by providing false and misleading information with regard to safety as aforesaid, and, despite the same, and despite the fact that there was existing evidence said drugs was in fact dangerous, each defendant downplayed the health hazards and risks associated with the products and in fact deceived the medical community, individual physicians and the public at large including potential users of the products by promoting the same as safe and effective.

43.   Upon information and belief, each defendant placed profit concerns over and above the safety of the public.

44.   As a result of each defendant's reckless disregard for the public welfare and welfare of each plaintiff in particular, each of the injured plaintiffs is entitled to an award of exemplary damages from each of the defendants in addition to compensatory damages sustained as a result of said conduct.

**AS AND FOR A FOURTH AND SEPARATE CAUSE OF ACTION**
**(BREACH OF EXPRESS AND IMPLIED WARRANTIES)**

45.   Plaintiffs incorporate by reference and reallege all preceding paragraphs as if fully set forth herein and further allege the following.

46.   Each of the defendants expressly and impliedly warranted that their aforesaid drugs were safe when used by patients for whom the drugs were not otherwise contraindicated, including the injured plaintiffs herein.

47.   Each of the defendants breached such express and implied warranties in that their respective drugs are not safe for the purpose for which intended.

48.   As a direct and proximate result of the aforesaid breach of express and implied warranties, each injured plaintiff is entitled to an award of compensatory and to an award of exemplary damages, inasmuch as the breach was in reckless disregard of the public health and safety.

**AS AND FOR A FIFTH AND SEPARATE CAUSE OF ACTION**
**(VIOLATION OF NEW YORK BUSINESS CORPORATION LAW § 349)**

49.   Plaintiffs incorporate by reference and reallege all preceding paragraphs as if fully set forth herein and further allege the following.

50.   Each defendant's conduct as set forth herein constituted deceptive acts or practices and involved an extensive marketing scheme that had a broader impact on consumers at large.

51.   Each defendant engaged in acts or practices that were deceptive or misleading in that the same were likely to mislead a reasonable consumer acting reasonably under the circumstances to ingest

the products and be injured thereby.

52.  Each defendant's acts and practices violated New York's Business Corporation Law § 349.

53.  The injured plaintiffs sustained harm as a direct and proximate result of the deceptive and misleading acts and practices of each of the defendants, and are entitled to compensatory and exemplary damages therefor.

### AS AND FOR A SIXTH CAUSE OF ACTION
### (DERIVATIVE SPOUSAL CLAIM, LOSS OF CONSORTIUM)

54.  Plaintiffs ARTHUR ADELBERG and  MARIA AMENDOEIRA incorporate by reference and  reallege paragraphs 1 through 26 as if fully set forth herein and further allege as the following.

55.  At all times relevant to this complaint the aforesaid plaintiffs ARTHUR ADELBERG and MARIA AMENDOEIRA were and continue to be residents of the State of New York and were and continue to be lawfully married to and residing with the injured plaintiffs CAROL ADELBERG and ANTONIO AMENDOEIRA, respectively.

56.   By reason of the foregoing, each plaintiff spouse was deprived of the services and consortium of the injured plaintiff, including but not limited to companionship, affection, support and solace, and was caused to suffer a loss of enjoyment of life, all of which caused said plaintiff spouse to be damaged and entitled to judgment against each defendant.

57.  By reason of the foregoing, each plaintiff spouse incurred and was damaged due to  medical expenses and other expenses associated with the injured spouse complained of herein.

### RELIEF REQUESTED

WHEREFORE, the plaintiffs demand judgment against the defendants, jointly and severally, as appropriate, on each cause of action as pled herein as follows:

(1)  Award each of the injured plaintiffs compensatory damages and exemplary damages against defendants on each of the first through fifth causes of action;

(2)  Award each of the plaintiff spouses compensatory damages on the sixth cause of action; and

(3) Award the plaintiffs such other and further relief against the defendants as the Court deems just and proper under the circumstances, including the costs and disbursements of this action.

Dated: April 20, 2005

                                LAW OFFICE OF RONALD R. BENJAMIN
                                Attorneys for Plaintiffs
                                126 Riverside Drive, P. O. Box 607
                                Binghamton, New York 13902-0607
                                607/772-1442

                                By:_____
                                      RONALD R. BENJAMIN




PIPER RUDNICK
GRAY CARY

**DLA Piper Rudnick Gray Cary US LLP**
The Marbury Building
6225 Smith Avenue
Baltimore, Maryland 21209-3600
T 410.580.3000
F 410.580.3001
W www.dlapiper.com

CHRISTOPHER S. GUNDERSON, ESQ.
christopher.gunderson@dlapiper.com
T 410.580.4245  F 410.580.3245

#A0158517

June 2, 2005

VIA U.S.MAIL

Ronald R. Benjamin, Esquire
Law Offices of Ronald R. Benjamin
126 Riverside Drive
P.O. Box 607
Binghamton, New York  13902-0607
Phone: 607-772-1442

    **Re:**   **Adelberg, et al. v. Pfizer, Inc., et al., Index No. 006682/05**

Dear Mr. Benjamin:

    I represent Pfizer, Inc., Pharmacia Corp., and Pharmacia & Upjohn Co. ("Pfizer Defendants") in the above-referenced matter. Through this letter, I consent to service by mail on the Pfizer Defendants pursuant to N.Y. C.P.L.R. § 312-a. Accordingly, the Pfizer Defendants must answer or otherwise respond to the Complaint on or before June 22, 2005.

    If you have any questions, please feel free to contact me.

Very truly yours,

Christopher S. Gunderson

/csg

FILED

MAR 2 6 2007

NEW YORK
COUNTY CLERK'S OFFICE

E-Filed Document
#7

Serving clients globally

05 - 006682

NASSAU INDEX # _____ 20 ____
FILED
JUN 13 2005
COUNTY CLERK OF
NASSAU COUNTY

Ronald R. Benjamin *
Marya C. Young *
Mary Jane Murphy

Also Admitted in D.
Of Columbia
Phone: (F

**LAW OFFICE OF RONALD R. BENJAMIN**

Ronald R. Benjamin *
Marya C. Young *
Mary Jane Murphy

Also Admitted In the District
Of Columbia

**attorneys at law
126 Riverside Drive
P.O. Box 607
Binghamton, NY 13902**

Phone: (607) 772-1442    •    Fax: (607) 772-1678    •    e-mail: ronbenjaminlaw@stny.rr.com

June 7, 2005

Nassau County Clerk
240 Old Country Road
Mineola, NY 11501

      Re: Adelberg, et al. v. Pfizer, Inc., et al. - Nassau County Index No.: 006682-05

Dear Sir/Madam:

      Enclosed for filing, is the original and one copy of a letter that we received from the defendants' which represents their consent to service by mail of the Summons and Complaint with regards to the above-captioned matter.

      Kindly return a filed copy of the same to our office in the self-addressed stamped envelope provided for your convenience.

      Thank you for your courtesies in this matter.

                    Very truly yours,

                    Ronald R. Benjamin

RRB:pb
Enclosures

**SUPREME COURT: NASSAU COUNTY**
-------------------------------------------------------------x
CAROL ADELBERG ET UX, ARTHUR ADELBERG & ANTONIO AMENDOEIRA ET UX, MARIA AMENDOEIRA

**FILED**
MAR 2 6 2007
NEW YORK
COUNTY CLERK'S OFFICE

**TRANSFER**

**Plaintiff**

Index No. 05--006682

-against-

PFIZER INC, PHARMACIA CORP A WHOLLY-OWN SUBSIDIARY OF PFIZER INC & PHARMACIA & UPJOHN CO A WHOLLY OWNED SUBSIDIARY OF PHARMACIA CORP & MERCK INC

**Defendant**
-------------------------------------------------------------x

*Papers fore Nassau County transferred & filed under index # 401585/07*

**TO CLERK: NEW YORK COUNTY**
     **60 CENTRE ST**
     **NEW YORK NY**

TRANSFER ENTIRE FILE TO QUEENS COUNTY

> This document has
> NOT been
> E-Filed

**COUNTY CLERK'S OFFICE**

**STATE OF NEW YORK**

**COUNTY OF NASSAU**

    I, MAUREEN O'CONNELL (pursuant to CPLR Rule 511) certify that the attached constitutes all the paper and entries of the Clerk's Minutes in this action.

                           **MAUREEN O'CONNELL**
                           **Nassau County Clerk**

**SENT: 03/05/07**

( X ) **Above papers sent pursuant to certified copy of Order, original of which was filed in this office, Nassau County**

**PLEASE SIGN AND RETURN RECEIPT:** _____, **Clerk**

NCC
Rev. 8/04



**DLA Piper US LLP**
1251 Avenue of the Americas, 45th Floor
New York, New York  10020-1104
www.dlapiper.com

Christopher M. Strongosky
christopher.strongosky@dlapiper.com
**T** 212.335.4643
**F** 212.884.8543

*#401585|07*

February 16, 2007

Nassau County Clerk
240 Old Country Road
Mineola, New York 11801
Attn: Barbara

> Re:    <u>Carol Adelberg v. Pfizer Inc.</u> (Index No. 006682/05)
>        <u>Pamela Saccone v. Pfizer Inc.</u> (Index No. 004686/06)

Dear Barbara:

Enclosed please find two fully executed Stipulations to change venue from Nassau County to the New York Bextra and Celebrex Product Liability Coordinated Proceeding (Index No. 762000/2006) in Supreme Court, New York County before Hon. Shirley W. Kornreich, for the above-referenced matters.

Sincerely,

Christopher M. Strongosky

CMS/mm

Enclosures

FILED

MAR 2 6 2007

NEW YORK
COUNTY CLERK'S OFFICE

*E-Filed Document*
*#9*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

------------------------------------------------------------------- x

CAROL ADELBERG, et ux., ARTHUR ADELBERG   :
and ANTONIO AMENDOEIRA, et ux., MARIA   :
AMENDOEIRA,   :                       Index No. 006682/05
  :
                  Plaintiffs   :
  :
  -against-   :
  :
PFIZER INC., PHARMACIA CORPORATION, a   :      **STIPULATION TO**
wholly-own subsidiary of PFIZER INC., and   :      **CHANGE VENUE**
PHARMACIA & UPJOHN COMPANY, a wholly   :
owned subsidiary of PHARMACIA CORPORATION   :
and MERCK, INC.,   :
  :
                 Defendants.   :

------------------------------------------------------------------- x

IT IS HEREBY STIPULATED AND AGREED, by and among the undersigned counsel,

that the venue for the above-captioned case in the Nassau County Supreme Court of the State of

New York, be transferred to the Supreme Court of the State of New York, New York County, to

be included in the Bextra and Celebrex Product Liability Coordinated Proceeding (Index No.

762000/2006).

IT IS FURTHER STIPULATED AND AGREED that facsimile signatures on this

document shall have the same force and effect as an original signature.



LAW OFFICES OF RONALD R. BENJAMIN

DLA PIPER US LLP

By: _____
Ronald R. Benjamin
LAW OFFICES OF RONALD R. BENJAMIN
126 Riverside Drive
Binghamton, New York 13902
(607) 772-1442

By: _____
Christopher M. Strongosky
DLA PIPER US LLP
1251 Avenue of the Americas
New York, New York  10020
(212) 335-4500

*Attorneys for Plaintiff*

*Attorneys for Pfizer Defendants*

HUGHES HUBBARD & REED LLP

By: _____
Vilia B. Hayes
Merck & Co., Inc.
One Battery Park Plaza
New York, New York  10004
(212) 837-6000

*Attorneys for Merck & Co., Inc.*

Dated: _____, 2007

2

LAW OFFICES OF RONALD R. BENJAMIN     DLA PIPER US LLP

By: _____
Ronald R. Benjamin
LAW OFFICES OF RONALD R. BENJAMIN
126 Riverside Drive
Binghamton, New York 13902
(607) 772-1442

*Attorneys for Plaintiff*

By: _____
Christopher M. Strongosky
DLA PIPER US LLP
1251 Avenue of the Americas
New York, New York 10020
(212) 335-4500

*Attorneys for Pfizer Defendants*

HUGHES HUBBARD & REED LLP

By: _____
Vilia B. Hayes
Merck & Co., Inc.
One Battery Park Plaza
New York, New York 10004
(212) 837-6000

*Attorneys for Merck & Co., Inc.*

Dated: _____, 2007

State of New York, } SS.:
County Of Nassau }

I, Maureen O'Connell, Clerk of the County of Nassau and of the Supreme and County Courts, do hereby certify that I have compared the annexed STIP CHANGE VENUE with the original filed in my office on MAR 2 2007 and have found it to be a true and complete copy of said original.

In testimony whereof, I have hereunto set my hand and affixed the seal of the County of Nassau this 5TH day of MAR 20 07.

Maureen O'Connell
Maureen O'Connell, Clerk

05-1-00600

NASSAU INDEX# __ 20 __

FILED

MAR 0 2 2007

COUNTY CLERK OF
NASSAU COUNTY

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------

CAROL ADELBERG, et ux., ARTHUR ADELBERG
and ANTONIO AMENDOEIRA, et ux., MARIA
AMENDOEIRA,

Index No.: 762000/2006

**PLAINTIFF'S CONSENT
TO ELECTRONIC FILING**

Plaintiff,

- against -

Index No.: 401585/07

PFIZER INC., PHARMACIA CORPORATION, a
wholly-owned subsidiary of PFIZER INC.,
and PHARMACIA & UPJOHN COMPANY, a
wholly-owned subsidiary of PHARMACIA
CORPORATION, and MERCK & CO., INC.,



Defendants.
-------------------------------------------------------------

Pursuant to Case Management Order No. 11 § II(5), I, Ronald R. Benjamin, submit this Plaintiff's Consent in the above-entitled action and state as follows:

1.    I, Ronald R. Benjamin, am a plaintiff or an attorney for plaintiff. I consent to the use of electronic filing in this case and provide the following e-mail addresses for the purposes of service and giving notice of each filing pursuant to the terms set forth in Case Management Order No. 11:

    1.    Ronald R. Benjamin
         Law Office of Ronald R. Benjamin
         ronbenjaminlaw@stny.rr.com

    2.    Diane Walter
         Law Office of Ronald R. Benjamin
         dewalter@stny.rr.com

    3.    Megan Clark
         Law Office of Ronald R. Benjamin
         mclark@benjaminattorney.com

2.    Counsel for Pfizer Defendants consent to the use of electronic filing in this case and provide the following e-mail addresses for the purposes of service and giving notice of each filing pursuant to the terms set forth in Case Management Order No. 11:

    1.    Pfizer Defendant's Bextra/Celebrex General Mailbox
         DLA Piper US LLP
         E-mail address:  bextracelebrexfiling@dlapiper.com;

    2.    Christopher M. Strongosky, Esq.
         DLA Piper US LLP
         E-mail address:  christopher.strongosky@dlapiper.com; and

3.    Christopher G. Campbell, Esq.
      DLA Piper US LLP
      E-mail address:  christopher.campbell@dlapiper.com

3.    The appearance of the above names and e-mail addresses of Pfizer Defendants' counsel shall not
      be deemed an appearance by Pfizer Defendants in this case. Pursuant to Case Management Order
      No. 11 § II(5), Pfizer Defendants shall not be required to file a separate Consent to Electronic
      Filing form.

Ronald R. Benjamin, Esq.
**LAW OFFICES OF RONALD R. BENJAMIN**
Attorney for Plaintiff
126 Riverside Drive
P.O. Box 607
Binghamton, New York 13902-0607
(607) 772-1442

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

- - - - - - - - - - - - - - - - - - - - - - - - - - - x

CAROL ADELBERG, et ux. ARTHUR
ADELBERG and ANTONIO AMENDOEIRA, et
ux. MARIA AMENDOEIRA,

        Plaintiffs,

-against-

PFIZER, INC., PHARMACIA CORPORATION,
a wholly-owned subsidiary of PFIZER, INC., and
PHARMACIA & UPJOHN COMPANY, a
wholly-owned subsidiary of PHARMACIA
CORPORATION, and MERCK & CO, INC.,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - x

No.: 05-006682

**ANSWER AND JURY DEMAND**
**OF DEFENDANT MERCK &**
**CO., INC.**

#201585/07

FILED

MAR 26 2007

NEW YORK
COUNTY CLERK'S OFFICE

  Defendant Merck & Co., Inc. ("Merck"), by its undersigned attorneys, answers
the Complaint ("Complaint") herein as follows:

  1.  Denies knowledge and information sufficient to form a belief as to the
truth or falsity of the allegations contained in paragraph 1 of the Complaint.

  2.  The allegations contained in paragraph 2 of the Complaint are not directed
toward Merck and therefore no responsive pleading is required.

  3.  The allegations contained in paragraph 3 of the Complaint are not directed
toward Merck and therefore no responsive pleading is required.

  4.  The allegations contained in paragraph 4 of the Complaint are not directed
toward Merck and therefore no responsive pleading is required.

  5.  Denies each and every allegation contained in paragraph 5 of the
Complaint except admits that Merck is a New Jersey Corporation with its principal place

E-Filed Document
#3

NY 948984_1.DOC

of business at One Merck Drive, Whitehouse Station, New Jersey and is authorized to do business in the State of New York.

6.    The allegations contained in paragraph 6 of the Complaint are not directed toward Merck and therefore no responsive pleading is required.

7.    Denies each and every allegation contained in paragraph 7 of the Complaint except admits that Merck is a leading research-driven pharmaceutical products and services company that researches, discovers, develops, manufactures and markets a broad range of innovative pharmaceutical products, including VIOXX®, to improve human health and that VIOXX® is a selective NSAID which reduces pain and inflammation and that the mechanism of action is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxegenase-2 ("COX-2").

8.    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 8 of the Complaint, and denies each and every allegation directed toward Merck contained in paragraph 8 of the Complaint.

9.    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 9 of the Complaint, and denies each and every allegation directed toward Merck contained in paragraph 9 of the Complaint except admits that Merck marketed the prescription medicine VIOXX®.

10.    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 10 of the

Complaint, and denies each and every allegation directed toward Merck contained in paragraph 10 of the Complaint, except admits that Merck marketed the prescription medication VIOXX®, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information. Merck further avers that it provides to the Physicians' Desk Reference a copy for publication of the FDA-approved prescribing information for VIOXX® in effect at the time and respectfully refers the Court to the Physicians' Desk Reference for the actual language and full text of said prescribing information.

11.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 11 of the Complaint, and denies each and every allegation directed toward Merck contained in paragraph 11 of the Complaint.

12.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 12 of the Complaint, and denies each and every allegation directed toward Merck contained in paragraph 12 of the Complaint.

13.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 13 of the Complaint, and denies each and every allegation directed toward Merck contained in paragraph 13 of the Complaint.

14.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 14 of the

NY 948984_1.DOC

Complaint, and denies each and every allegation directed toward Merck contained in paragraph 14 of the Complaint.

15.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 15 of the Complaint.

16.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 16 of the Complaint.

17.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 17 of the Complaint, and denies each and every allegation contained in paragraph 17 of the Complaint and avers that on September 30, 2004, Merck announced that in a prospective, randomized, placebo-controlled clinical trial there was an increased relative risk for confirmed cardiovascular events beginning after 18 months of treatment in the patients taking VIOXX® compared with those taking placebo.  Merck further avers that given the availability of alternative therapies and questions raised by the data from that trial, Merck concluded that a voluntary withdrawal of VIOXX® best served the interests of patients.

18.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 18 of the Complaint, and denies each and every allegation directed toward Merck contained in paragraph 18 of the Complaint.

19.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 19 of the Complaint, and denies each and every allegation directed toward Merck contained in paragraph 19 of the Complaint.

NY 948984_1.DOC

20.    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 20 of the Complaint, and denies each and every allegation directed toward Merck contained in paragraph 20 of the Complaint.

21.    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 21 of the Complaint, and denies each and every allegation directed toward Merck contained in paragraph 21 of the Complaint.

22.    The allegations contained in paragraph 22 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph and respectfully refers the Court to the referenced statute for its actual language and full text.

23.    The allegations contained in paragraph 23 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph and respectfully refers the Court to the referenced statute for its actual language and full text.

## RESPONSE TO "FIRST CAUSE OF ACTION (NEGLIGENCE AND GROSS NEGLIGENCE)"

24.    With respect to the allegations contained in paragraph 24 of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 23 of this Answer with the same force and effect as though set forth here in full.

NY 948984_1.DOC

25.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 25 of the Complaint, and denies each and every allegation directed toward Merck contained in paragraph 25 of the Complaint.

26.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 26 of the Complaint, and denies each and every allegation directed toward Merck contained in paragraph 26 of the Complaint.

27.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 27 of the Complaint, and denies each and every allegation directed toward Merck contained in paragraph 27 of the Complaint.

28.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 28 of the Complaint, and denies each and every allegation directed toward Merck contained in paragraph 28 of the Complaint.

29.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 29 of the Complaint, and denies each and every allegation directed toward Merck contained in paragraph 29 of the Complaint.

30.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 30 of the

Complaint, and denies each and every allegation directed toward Merck contained in paragraph 30 of the Complaint.

### RESPONSE TO "SECOND CAUSE OF ACTION (STRICT LIABILITY)"

31.     With respect to the allegations contained in paragraph 31 of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 30 of this Answer with the same force and effect as though set forth here in full.

32.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 32 of the Complaint, and denies each and every allegation directed toward Merck contained in paragraph 32 of the Complaint.

33.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 33 of the Complaint, and denies each and every allegation directed toward Merck contained in paragraph 33 of the Complaint.

34.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 34 of the Complaint, and denies each and every allegation directed toward Merck contained in paragraph 34 of the Complaint.

35.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 35 of the Complaint, and denies each and every allegation directed toward Merck contained in paragraph 35 of the Complaint.

NY 948984_1.DOC

## RESPONSE TO "THIRD CAUSE OF ACTION (MISREPRESENTATION AND FAILURE TO WARN)"

36.     With respect to the allegations contained in paragraph 36 of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 35 of this Answer with the same force and effect as though set forth here in full.

37.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 37 of the Complaint, and denies each and every allegation directed toward Merck contained in paragraph 37 of the Complaint.

38.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 38 of the Complaint, and denies each and every allegation directed toward Merck contained in paragraph 38 of the Complaint.

39.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 39 of the Complaint, and denies each and every allegation directed toward Merck contained in paragraph 39 of the Complaint.

40.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 40 of the Complaint, and denies each and every allegation directed toward Merck contained in paragraph 40 of the Complaint.

41.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 41 of the

Complaint, and denies each and every allegation directed toward Merck contained in paragraph 41 of the Complaint.

42.    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 42 of the Complaint, and denies each and every allegation directed toward Merck contained in paragraph 42 of the Complaint.

43.    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 43 of the Complaint, and denies each and every allegation directed toward Merck contained in paragraph 43 of the Complaint.

44.    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 44 of the Complaint, and denies each and every allegation directed toward Merck contained in paragraph 44 of the Complaint.

## RESPONSE TO "FOURTH AND SEPARATE CAUSE OF ACTION (BREACH OF EXPRESS AND IMP LIED WARRANTIES)"

45.    With respect to the allegations contained in paragraph 45 of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 44 of this Answer with the same force and effect as though set forth here in full.

46.    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 46 of the Complaint, and denies each and every allegation directed toward Merck contained in paragraph 46 of the Complaint.

NY 948984_1.DOC

47.      Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 47 of the Complaint, and denies each and every allegation directed toward Merck contained in paragraph 47 of the Complaint.

48.      Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 48 of the Complaint, and denies each and every allegation directed toward Merck contained in paragraph 48 of the Complaint.

## RESPONSE TO "FIFTH AND SEPARATE CAUSE OF ACTION (VIOLATION OF NEW YORK BUSINESS CORPORATION LAW § 349)"

49.      With respect to the allegations contained in paragraph 49 of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 48 of this Answer with the same force and effect as though set forth here in full.

50.      Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 50 of the Complaint, and denies each and every allegation directed toward Merck contained in paragraph 50 of the Complaint.

51.      Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 51 of the Complaint, and denies each and every allegation directed toward Merck contained in paragraph 51 of the Complaint.

52.      Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 52 of the

Complaint, and denies each and every allegation directed toward Merck contained in paragraph 52 of the Complaint.

53.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 53 of the Complaint, and denies each and every allegation directed toward Merck contained in paragraph 53 of the Complaint.

### RESPONSE TO "SIXTH CAUSE OF ACTION (DERIVATIVE SPOUSAL CLAIM, LOSS OF CONSORTIUM)"

54.     With respect to the allegations contained in paragraph 54 of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 54 of this Answer with the same force and effect as though set forth here in full.

55.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 55 of the Complaint.

56.     Denies each and every allegation contained in paragraph 56 of the Complaint.

57.     Denies each and every allegation contained in paragraph 57 of the Complaint.

### RESPONSE TO "RELIEF REQUESTED"

58.     Plaintiffs' "Relief Requested" section of the Complaint is not an allegation and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation in the "Relief Requested" section of Plaintiffs' Complaint and denies that Plaintiffs are entitled to the relief requested.

NY 948984_1.DOC

## AS FOR A FIRST
## DEFENSE, MERCK ALLEGES:

59.    Each and every claim asserted or raised in the Complaint is barred by the

applicable statute of limitations and is otherwise untimely.

## AS FOR A SECOND
## DEFENSE, MERCK ALLEGES:

60.    The Complaint fails to state a claim upon which relief can be granted.

## AS FOR A THIRD
## DEFENSE, MERCK ALLEGES:

61.    Each and every claim asserted or raised in the Complaint is barred by the

doctrines of estoppel, waiver or statutory and regulatory compliance.

## AS FOR A FOURTH
## DEFENSE, MERCK ALLEGES:

62.    If Plaintiffs have sustained injuries or losses as alleged in the Complaint,

upon information and belief, such injuries or losses were caused in whole or in part

through the operation of nature or other intervening cause or causes.

## AS FOR A FIFTH
## DEFENSE, MERCK ALLEGES:

63.    To the extent that Plaintiffs assert claims based on Merck's adherence to

and compliance with applicable federal laws, regulations and rules, such claims are

preempted by federal law under the Supremacy Clause of the United States Constitution.

## AS FOR A SIXTH
## DEFENSE, MERCK ALLEGES:

64.    To the extent that Plaintiffs assert claims based upon an alleged failure by

Merck to warn Plaintiffs directly of alleged dangers associated with the use of VIOXX®,

such claims are barred under the learned intermediary doctrine because Merck has

discharged its duty to warn in its warnings to the prescribing physician.

NY 948984_1.DOC

## AS FOR A SEVENTH
## DEFENSE, MERCK ALLEGES:

65.     If Plaintiffs have sustained injuries or losses as alleged in the Complaint,

such injuries or losses were caused in whole or in part by the contributory negligence of

the allegedly injured Plaintiffs.

## AS FOR AN EIGHTH
## DEFENSE, MERCK ALLEGES:

66.     Any liability that might otherwise be imposed upon this defendant is

subject to reduction by the application of the doctrine of comparative negligence.

## AS FOR A NINTH
## DEFENSE, MERCK ALLEGES:

67.     If Plaintiffs have sustained injuries or losses as alleged in the Complaint,

such injuries or losses were only so sustained after Plaintiffs knowingly, voluntarily, and

willfully assumed the risk of any injury as the result of the consumption of,

administration of, or exposure to any drug or pharmaceutical preparation manufactured or

distributed by Merck or other manufacturer.

## AS FOR A TENTH
## DEFENSE, MERCK ALLEGES:

68.     If Plaintiffs have sustained injuries or losses as alleged in the Complaint,

upon information and belief, such injuries and losses were caused by the actions of

persons not having real or apparent authority to take said actions on behalf of Merck and

over whom Merck had no control and for whom Merck may not be held accountable.

## AS FOR AN ELEVENTH
## DEFENSE, MERCK ALLEGES:

69.     If Plaintiffs have sustained injuries or losses as alleged in the Complaint,

upon information and belief, such injuries and losses were proximately caused by

Plaintiffs' misuse or abuse of VIOXX®.

## AS FOR A TWELFTH
## DEFENSE, MERCK ALLEGES:

70.    If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from Plaintiffs' pre-existing and unrelated medical, genetic and environmental conditions, diseases, or illnesses, subsequent medical conditions or natural courses of conditions for which this defendant is not responsible.

## AS FOR A THIRTEENTH
## DEFENSE, MERCK ALLEGES:

71.    To the extent that Plaintiffs rely upon any theory of breach of warranty, such claims are also barred for lack of timely notice of breach and lack of privity and because the alleged warranties were disclaimed.

## AS FOR A FOURTEENTH
## DEFENSE, MERCK ALLEGES:

72.    Plaintiffs' claims are barred, in whole or in part, under the applicable state law because VIOXX® was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

## AS FOR A FIFTEENTH
## DEFENSE, MERCK ALLEGES:

73.    Plaintiffs' claims are barred in whole or in part by the First Amendment.

## AS FOR A SIXTEENTH
## DEFENSE, MERCK ALLEGES:

74.    Plaintiffs' claims are barred, in whole or in part, because Plaintiffs lack capacity and standing to bring such claims.

## AS FOR AN SEVENTEENTH
## DEFENSE, MERCK ALLEGES:

75.    Plaintiffs' claims are barred in whole or in part because the product at

NY 948984_1.DOC

issue was made in accordance with the state of the art at the time it was manufactured.

## AS FOR A EIGHTEENTH
## DEFENSE, MERCK ALLEGES:

76.    To the extent that Plaintiffs seek punitive damages for an alleged act or

omission of Merck, any award of punitive damages is barred under the relevant state law.

## AS FOR A NINETEENTH
## DEFENSE, MERCK ALLEGES:

77.    Plaintiffs' demands for punitive damages are barred because VIOXX®

and its labeling was subject to and received pre-market approval by the FDA under 52

Stat. 1040, 21 U.S.C. § 301.

## AS FOR A TWENTIETH
## DEFENSE, MERCK ALLEGES:

78.    Plaintiffs' claims are barred in whole or in part under comment k to

Section 402A of the Restatement (Second) of Torts.

## AS FOR A TWENTY-FIRST
## DEFENSE, MERCK ALLEGES:

79.    Plaintiffs' claims are barred in whole or in part because Merck provided

legally adequate "directions or warnings" as to the use of VIOXX® and any other drug or

pharmaceutical preparation Plaintiffs allege to have taken within the meaning of

comment j to Section 402A of the Restatement (Second) of Torts.

## AS FOR A TWENTY-SECOND
## DEFENSE, MERCK ALLEGES:

80.    Plaintiffs' claims are barred under Section 4, *et. seq.,* of the Restatement

(Third) of Torts:  Products Liability.

## AS FOR A TWENTY-THIRD
## DEFENSE, MERCK ALLEGES:

81.    Plaintiffs' claims are barred in whole or in part under comment f to

NY 948984_1.DOC

Section 6 of the Restatement (Third) of Torts:  Product Liability.

## AS FOR A TWENTY-FOURTH
## DEFENSE, MERCK ALLEGES:

82.    This case is more appropriately brought in a different venue.

## AS FOR A TWENTY-FIFTH
## DEFENSE, MERCK ALLEGES:

83.    Plaintiffs' claims of fraud are barred by reason of Plaintiffs' failure to

allege the circumstances constituting fraud with particularity, as required by Federal Rule

of Civil Procedure 9(b) and Rule 3013 of the New York Civil Practice Law and Rules.

## AS FOR A TWENTY-SIXTH
## DEFENSE, MERCK ALLEGES:

84.    To the extent Plaintiffs have settled or will in the future settle with any

person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if

any, should be reduced accordingly.

## AS FOR A TWENTY-SEVENTH
## DEFENSE, MERCK ALLEGES:

85.    To the extent Plaintiffs are seeking recovery for benefits entitled to be

received or actually received from any other source for injuries alleged in the Complaint,

such benefits are not recoverable in this action.

## AS FOR A TWENTY-EIGHTH
## DEFENSE, MERCK ALLEGES:

86.    To the extent that Plaintiffs seek punitive damages for the conduct which

allegedly caused injuries asserted in the Complaint, such an award would also, if granted,

violate Merck's state and federal constitutional rights.

## AS AND FOR A TWENTY-NINTH
## DEFENSE, MERCK ALLEGES:

87.    Plaintiffs' claims are barred in whole or in part because Plaintiffs have

NY 948984_1.DOC

failed to mitigate the alleged damages.

## AS AND FOR A THIRTIETH
## DEFENSE, MERCK ALLEGES:

88.    There is no technically feasible alternative design that would have reduced the alleged risk without substantially impairing the reasonably anticipated and intended function of VIOXX®.

Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal, contractual and equitable rights, Merck reserves the right to amend and supplement the averments of its answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery of this action.

Merck will rely on all defenses that may become available during discovery or trial.

WHEREFORE, Merck respectfully demands judgment dismissing Plaintiffs' Complaint with prejudice and awarding Merck its reasonable costs and disbursements, together with such and other and further relief that the Court may deem just and proper.

NY 948984_1.DOC

## JURY DEMAND

Merck demands a trial by jury as to all issues so triable.

Dated: June _13_, 2005
New York, New York

Respectfully submitted,

**HUGHES HUBBARD & REED LLP**

By: _Vilia B. Hayes_

Theodore V. H. Mayer
Vilia B. Hayes
Robb W. Patryk

One Battery Park Plaza
New York, New York 10004-1482
(212) 837-6000

*Attorneys for Defendant Merck & Co., Inc.*

NY 948984_1.DOC

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

- - - - - - - - - - - - - - - - - - - - - - - - x

CAROL ADELBERG, et ux. ARTHUR
ADELBERG and ANTONIO AMENDOEIRA, et
ux. MARIA AMENDOEIRA,

                              Plaintiffs,

-against-

PFIZER, INC., PHARMACIA CORPORATION,
a wholly-owned subsidiary of PFIZER, INC., and
PHARMACIA & UPJOHN COMPANY, a
wholly-owned subsidiary of PHARMACIA
CORPORATION, and MERCK & CO, INC.,

                              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - X

**No.: 05-006682**

**AFFIDAVIT OF SERVICE**

      SARAH A. BINDER, being duly sworn, deposes and says that she is over the age

of 18 years and not a party to this action, that she is associated with the firm of Hughes Hubbard

& Reed, counsel for Defendant, and that, on June 13 , 2005,she served a true and accurate copy of

the Answer and Jury Demand of Defendant Merck & Co., Inc. via first-class mail, postage

prepaid, on plaintiff's counsel, Ronald R. Benjamin, Law Office of Ronald R. Benjamin, 126

Riverside Drive, Binghamton, New York 13902 and on counsel for Defendant Pfizer, Inc.,

Christopher Strongosky, DLA Piper Rudnick Gray Cary US LLP, 1251 Avenue of the Americas,

New York, New York 10022.

                                                _____
                                                Sarah A. Binder

Sworn to before me this
13 day of June, 2005 .

_____
Notary Public

ALYSSA BENJAMIN
Notary Public, State of New York
No. 02BE6123029
Qualified In New York County
Commission Expires February 28, 200 7

COUNTY CLERK'S INDEX

No. 05-006682

# Supreme Court

COUNTY OF NASSAU

CAROL ADELBERG, et ux. ARTHUR ADELBERG
and ANTONIO AMENDOEIRA, et ux. MARIA
AMENDOEIRA,

Plaintiffs,

- against -

PFIZER, INC., PHARMACIA CORPORATION, a
wholly-owned subsidiary of PFIZER, INC., and
PHARMACIA & UPJOHN COMPANY, a wholly-
owned subsidiary of PHARMACIA CORPORATION,
and MERCK & CO., INC.,

Defendants.

ORIGINAL

ANSWER AND JURY DEMAND OF DEFENDANT
MERCK & CO., INC.

## Hughes Hubbard & Reed LLP

One Battery Park Plaza
New York, New York 10004-1482
Telephone: 212 837-6000

Attorneys for Defendant
MERCK & CO., INC.

By: _Villa B. Hayes_
Villa B. Hayes, Esq.

NASSAU INDEX #
FILED
JUN 14 2005
COUNTY CLERK OF
NASSAU COUNTY

05-006682

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ~~NEW YORK~~ NASSAU
-----------------------------------X
CAROL ADELBERG, et ux. ARTHUR ADELBERG,
and ANTONIO AMENDOEIRA, et ux., MARIA
AMENDOEIRA,

                Plaintiffs,

        -against-

PFIZER, INC., PHARMACIA CORPORATION, a
wholly-owned subsidiary of PFIZER, INC.,
PHARMACIA & UPJOHN COMPANY, a wholly-
owned subsidiary of PHARMACIA CORPORATION,
and MERCK & CO., INC.,

                                    Defendants.
-----------------------------------X

ACKNOWLEDGMENT OF RECEIPT BY MAIL
OF SUMMONS AND COMPLAINT
Index No.: 006682/05
Date Filed: April 29, 2005

#401585/07

TO:    Merck & Co., Inc.
       One Merck Drive, P.O. Box 100, WS3AB-05.
       Whitehouse Station, New Jersey 08889-0100

       I received a summons and complaint in the above captioned matter at _____

       _____

       Please check one of the following:

       1.   [X]  I am not in the military service.

       2.   [ ]  I am in the military service, and my rank, serial number and branch of service are as
follows:

            Rank: _____

            Serial Number: _____

            Branch: _____

                    TO BE COMPLETED REGARDLESS OF MILITARY STATUS

            Date: May 25, 2005
                  (Date this Acknowledgment is executed)

       I affirm the above as true under penalty of perjury.

Signature: Vilia B. Hayes

Print Name: VILIA B. HAYES

Address: HUGHES HUBBARD + REED LLP
         One Battery Park Plaza, NY NY 10004

Name of Defendant for which acting: Merck + Co. Inc.

Position with Defendant for which acting (i.e., officer, (attorney,) etc.)

_____

            PLEASE COMPLETE ALL BLANKS INCLUDING DATES

FILED

MAR 2 6 2007

NEW YORK
COUNTY CLERK'S OFFICE

#2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ~~NEW YORK~~ NASSAU
------------------------------------X
CAROL ADELBERG, et ux. ARTHUR ADELBURG,
and ANTONIO AMENDOEIRA, et ux. MARIA
AMENDOEIRA,

        Plaintiffs,

  -against-

PFIZER, INC., PHARMACIA CORPORATION, a
wholly-owned subsidiary of PFIZER, INC.,
and PHARMACIA & UPJOHN COMPANY, a wholly-
owned subsidiary of PHARMACIA CORPORATION
and MERCK & CO., INC.,

        Defendants.
------------------------------------X

**RECEIVED**
**MAY - 5 2005**

STATEMENT OF SERVICE BY MAIL
Index No.: 006682-05
Date Filed: April 29, 2005

TO:    Merck & Co., Inc.
       One Merck Drive, P.O. Box 100, WS3AB-05
       Whitehouse Station, New Jersey 08889-0100

      The enclosed summons and complaint are served pursuant to section 312-a of the Civil Practice Law and Rules.

      To avoid being charged with the expense of service upon you, you must sign, date and complete the acknowledgment part of this form and mail or deliver one copy of the completed form to the sender within thirty (30) days from the date you receive it. If you wish to consult an attorney, you should do so as soon as possible before the thirty (30) days expire.

      If you do not complete and return the form to the sender within thirty (30) days, you (or the party on whose behalf you are being served) may be required to pay expenses incurred in serving the summons and complaint in any other manner permitted by law, and the cost of such service as permitted by law may be entered as a judgment against you.

      If you have received a complaint with this statement, the return of this statement and acknowledgment does not relieve you of the necessity to answer the complaint or petition. The time to answer expires twenty (20) days after the day you mail or deliver this form to the sender. If you wish to consult an attorney, you should do so as soon as possible before the twenty (20) days.

      If you are served on behalf of a corporation , unincorporated association, partnership or other entity, you must indicate under your signature your relationship to the entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate under your signature your authority.

      It is a crime to forge a signature or to make a false entry on this statement or on the acknowledgment.

Dated: May 2, 2005
       Binghamton, New York

                         *Ronald R Benj*
                         RONALD R. BENJAMIN, ESQ.
                         Attorney for Plaintiff
                         126 Riverside Drive
                         P.O. Box 607
                         Binghamton, New York 13902-0607
                         (607) 772-1442

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

CAROL ADELBERG, et ux., ARTHUR
ADELBERG, and ANTONIO AMENDOEIRA, et
ux., MARIA AMENDOEIRA,

                                        Plaintiff,

            -against-                                INDEX NO.:  006682/05

PFIZER, INC., PHARMACIA CORPORATION, a          **AFFIDAVIT OF SERVICE**
wholly-owned subsidiary of PFIZER, INC.,
PHARMACIA & UPJOHN COMPANY, a wholly-
owned subsidiary of PHARMACIA
CORPORATION, and MERCK & CO., INC.,

                                        Defendant.

STATE OF NEW YORK    )
                     : ss.:
COUNTY OF NEW YORK

        Jordana M. Meltzer, being duly sworn, deposes and says that I am over the age of
eighteen years, not a party to this action, and am in the employ of Hughes Hubbard & Reed, LLP,
attorneys for defendant MERCK & CO., INC. herein; that on May 26, 2005 at approximately
10:30 a.m., she served the attached ACKNOWLEDGMENT OF RECEIPT BY MAIL OF
SUMMONS AND COMPLAINT by first class mail of the same aforementioned document, true
copies being in securely enclosed, postpaid wrappers, and depositing same in a depository under
the exclusive care and control of the United States Government at One Battery Park Plaza, within
the city, county and state of New York, properly addressed as follows:

                        Ronald R. Benjamin, Esq.
                        126 Riverside Drive
                        P.O. Box 607
                        Binghamton, New York 13902-0607

                                    _Jordana Meltzer_
                                    Jordana Meltzer

Sworn to before me on this
26th of May, 2005.
_Patricia E. Smith_
Notary Public

PATRICIA E. SMITH
Notary Public, State of New York
No. 1SM4796961
Qualified in Richmond County
Certificate Filed in New York County
Commission Expires March 30, 20__

05-006682

NASSAU INDEX #
FILED
MAY 26 2005
COUNTY CLERK OF
NASSAU COUNTY

# Supreme Court

COUNTY CLERK'S INDEX
No. 6682/05

COUNTY OF NASSAU

CAROL ADELBURG ET UX. ARTHUR
ADELBURG, AND ANTONIO AMENDOEIRA ET
UX., MARIA AMENDOEIRA,

Plaintiff,

- against -

PFIZER, INC. PHARMACIA CORPORATION, A
WHOLLY-OWNED SUBSIDIARY OF PFIZER,
INC., PHARMACIA & UPJOHN COMPANY, A
WHOLLY-OWNED SUBSIDIARY OF
PHARMACIA CORPORATION, AND MERCK &
CO., INC.,

Defendant.

ORIGINAL

ACKNOWLEDGMENT OF RECEIPT BY MAIL OF SUMMONS AND
COMPLAINT BY DEFENDANT MERCK & CO., INC.

Hughes Hubbard & Reed LLP

One Battery Park Plaza
New York, New York 10004-1482
Telephone: 212-837-6000

Attorneys for Defendant

By: _____
Attorney Name

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---------------------------------------------------------------- x

IN RE:  NEW YORK BEXTRA AND CELEBREX            :    Index No. 762000/06
PRODUCT LIABILITY LITIGATION

              003669                            :    Hon. Shirley W. Kornreich

                                                        :

---------------------------------------------------------------- x

THIS DOCUMENT APPLIES TO:                       :
---------------------------------------------------------------- x

        002223

CAROL ADELBERG, et ux. ARTHUR ADELBERG and     :    Index No. 401585/07
ANTONIO AMENDOEIRA, et ux. MARIA
AMENDOEIRA,                                      :

                Plaintiffs,               :    NOTICE OF MOTION
                                                 TO DISMISS

       v.                                     :    (COMPLIANCE MOTION
                                                NO. 2)

PFIZER INC., PHARMACIA CORPORATION, a wholly-   :
owned subsidiary of PFIZER INC., and PHARMACIA &
UPJOHN COMPANY, a wholly-owned subsidiary of    :
PHARMACIA CORPORATION and MERCK & CO., INC.,    :

                Defendants.              :

---------------------------------------------------------------- x

       PLEASE TAKE NOTICE that upon the Affirmation of Christopher M. Strongosky dated

February 8, 2008, the exhibit annexed thereto, and all the files, papers, and proceedings herein,

the undersigned will move this Court on behalf of Defendants Pfizer Inc., Pharmacia

Corporation, and Pharmacia & Upjohn Company (collectively "Pfizer Defendants") at the

Courthouse, located at 60 Centre Street, New York, New York, at Room 130, on the 6th day of

March, 2008 at 9:30 a.m., or as soon thereafter as counsel can be heard, and move this Court for

an Order dismissing Plaintiffs Carol Adelberg and Arthur Adelberg's claims against Pfizer

Defendants with prejudice for failing to comply with Case Management Order No. 6 and the

FILED

COUNTY CLERK'S OFFICE
NEW YORK

E-Filed Document
# 12



Order entered by the Special Master, United States District Judge Fern M. Smith (Ret.), on November 5, 2007.

PLEASE TAKE FURTHER NOTICE that, pursuant to Case Management Order No. 6, paragraph 10.f., answering papers, if any, are required to be served upon the undersigned at least ten (10) days before the return date of this motion, and reply papers, if any, are required to be served at least five (5) days before the return date of this motion.

Dated: New York, New York
      February 8, 2008

_____
Amy W. Schulman, Esq.
Loren H. Brown, Esq.
Christopher M. Strongosky, Esq.
DLA PIPER US LLP
1251 Avenue of the Americas
New York, New York  10020
(212) 835-6000

*Attorneys for Pfizer Defendants*

TO:    Ronald R. Benjamin
       LAW OFFICES OF RONALD R. BENJAMIN
       126 Riverside Drive
       P.O. Box 607
       Binghamton, New York 13902-0607
       (607) 772-1442

sanctions referred to in CMO No. 6, including dismissal with prejudice." Ex. 1, Compliance Order.

4.    Plaintiffs Carol Adelberg and Arthur Adelberg ("Delinquent Plaintiffs") have failed to serve Pfizer Defendants with a PFS within twenty-one (21) days of the Compliance Order, or at any time since.

5.    As authorized by CMO No. 6, paragraphs 7, 9, and 10, based on the failure of the Delinquent Plaintiffs to serve a PFS pursuant to CMO No. 6, and thereafter pursuant to Judge Smith's November 5, 2007 Compliance Order, the Delinquent Plaintiffs' causes of action against Pfizer Defendants should be dismissed with prejudice.

6.    No prior relief has been sought.

Dated: New York, New York
      February 8, 2008

                                                        _____

                                                Christopher M. Strongosky

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---------------------------------------------------------------- x

IN RE:  NEW YORK BEXTRA AND CELEBREX
PRODUCT LIABILITY LITIGATION

---------------------------------------------------------------- 

THIS DOCUMENT APPLIES ONLY TO CASES
LISTED ON APPENDIX A

---------------------------------------------------------------- x

Index No. 762000/06

ORDER GRANTING
DEFENDANTS' EXPEDITED
MOTION SEEKING ORDER
REQUIRING COMPLIANCE
WITH CASE MANAGEMENT
ORDER NO. 6

(COMPLIANCE MOTION
NO. 2)

THIS MATTER having come before the Court on Defendants' Expedited Motion Seeking Order Requiring Compliance with Case Management Order ("CMO") No. 6; the parties having received due notice and having had the opportunity to be heard; and this Court having considered all submissions made in support of and in opposition to the motion:

IT IS HEREBY ORDERED THAT Defendants' Expedited Motion Seeking Order Requiring Compliance with CMO No. 6 is GRANTED.  Plaintiffs listed in Appendix A must serve on Defendants a completed Plaintiff Fact Sheet, correctly executed Authorizations, and Responsive Documents (or notice that none are in the possession of Plaintiff or Plaintiff's counsel) within twenty-one (21) days of the date of entry of this Order.

Failure to comply with this Order may result in any of the sanctions referred to in CMO No. 6, including dismissal with prejudice.

Dated: November 5, 2007

Honorable Fern M. Smith
United States District Judge (Ret.)
Special Master

FILED
NOV 14 2007
NEW YORK
COUNTY CLERK'S OFFICE

| | Case Caption | Plaintiff Name | Index No. | Plaintiff's Counsel |
|---|---|---|---|---|
| 7 | Andrea S. Golub and Robert S. Golub, Cheryl Singer, et ux. Bruce Singer, Anthony Bilik, et ux. Genevie Bilik, Patricia Jarvis, et ux. James J. Jarvis, Barbara I. Lupole, et ux. Donald H. Lupole, and Rebecca M. House v. Pfizer Inc., Pharmacia Corporation, a wholly-owned subsidiary of Pfizer Inc., and Pharmacia & Upjohn Company, a wholly-owned subsidiary of Pharmacia Corporation, and Merck & Co., Inc | Bilik, Anthony | 101550/05 | Law Office of Ronald R. Benjamin |
| 8 | Helen Bilik, Elizabeth Boone, Mary J. Mahar, Carolyn S. Croft, Geraldine M. Alapeck, Dean Santacrose, and Stasia Simmons vs. Pfizer Inc., Pharmacia Corporation, a wholly-own subsidiary of Pfizer Inc., and Pharmacia & Upjohn Company, a wholly owned subsidiary of Pharmacia Corporation, and Merck & Co., Inc. | Bilik, Helen | 106237/05 | Law Office of Ronald R. Benjamin |
| 9 | Ronald Bramson and Elaine Bramson v. Pfizer Inc. | Bramson, Ronald | 101271/07 | Douglas & London, P.C. |
| 10 | Minnie H. Young, Individually and as Executrix of the Estate of Renee Burnett, Deceased v. Pfizer Inc., Pharmacia Corp, f/k/a Pharmacia & Upjohn, Inc., G.D. Searle & Co. and Monsanto Company | Burnett, Renee | 150333/07 | Matthews & Associates; Napoli Bern Ripka, LLP |
| 11 | Janice D. Bush v. Pfizer Inc., Pharmacia Corp. f/k/a Pharmacia & Upjohn, Inc., G.D. Searle & Co. and Monsanto Company | Bush, Janice D. | 150047/07 | Matthews & Associates; Napoli Bern Ripka, LLP |

laintiff's Counsel

Law Office of
Ronald R.
Benjamin

Law Office of
Ronald R.
Benjamin

Matthews &
Associates; Napoli
Bern Ripka, LLP

Matthews &
Associates; Napoli
Bern Ripka, LLP

Law Office of
Ronald R.
Benjamin

| | Case Caption | Plaintiff Name | Index No. | Plaintiff's Counsel |
|---|---|---|---|---|
| 17 | Carolyn Croft v. Pfizer Inc., Pharmacia Corporation, a wholly-owned subsidiary of Pfizer Inc., and Pharmacia & Upjohn Company, a wholly-owned subsidiary of Pharmacia Corporation, and Merck & Co., Inc. | Croft, Caroline S. | 111295/06 | Law Office of Ronald R. Benjamin |
| 18 | Altoria Dallas v. Pfizer Inc. | Dallas, Altoria | 150118/07 | Matthews & Associates; Napoli Bern Ripka, LLP |
| 19 | Patricia J. Danberry v. Pfizer Inc. | Danberry, Patricia J. | 150119/07 | Matthews & Associates; Napoli Bern Ripka, LLP |
| 20 | Joseph DeStefano v. Pfizer Inc., Pharmacia Corp. f/k/a Pharmacia & Upjohn, Inc., G.D. Searle & Co. and Monsanto Company | DeStefano, Joseph | 150071/07 | Matthews & Associates; Napoli Bern Ripka, LLP |
| 21 | Shirley Diggs v. Pfizer Inc., Pharmacia Corp. f/k/a Pharmacia & Upjohn, Inc., G.D. Searle & Co. and Monsanto Company | Diggs, Shirley | 150266/07 | Napoli Bern Ripka, LLP; Watts Law Firm |
| 22 | Michael D. Donovant v. Pfizer Inc. | Donovant, Michael D. | 104609/07 | Matthews & Associates |
| 23 | Mayra Figueroa v. Pfizer Inc., Pharmacia Corporation, a wholly-owned subsidiary of Pfizer Inc., Pharmacia & Upjohn Company, a wholly-owned subsidiary of Pharmacia Corporation, and Merck & Co., Inc. | Figueroa, Mayra | 111296/06 | Law Office of Ronald R. Benjamin |

| Case Caption | Plaintiff Name | Index No. | Plaintiff's Counsel |
|---|---|---|---|
| 24 Andrea S. Golub and Robert S. Golub, Cheryl Singer, et ux. Bruce Singer, Anthony Bilik, et ux. Genevie Bilik, Patricia Jarvis, et ux. James J. Jarvis, Barbara I. Lupole, et ux. Donald H. Lupole, and Rebecca M. House v. Pfizer Inc., Pharmacia Corporation, a wholly-owned subsidiary of Pfizer Inc., and Pharmacia & Upjohn Company, a wholly-owned subsidiary of Pharmacia Corporation, and Merck & Co., Inc | Golub, Robert | 101550/05 | Law Office of Ronald R. Benjamin |
| 25 Teri L. Hall v. Pfizer Inc. | Hall, Teri L. | 150359/07 | Matthews & Associates; Napoli Bern Ripka, LLP |
| 26 Glenna M. Harrison and Roger Harrison, w/h v. Pfizer Inc., Pharmacia Corp. f/k/a Pharmacia & Upjohn, Inc., G.D. Searle & Co. and Monsanto Company | Harrison, Glenna M. | 150260/07 | Napoli Bern Ripka, LLP; Watts Law Firm |
| 27 Dorothy M. Hocker v. Pfizer Inc. | Hocker, Dorothy M. | 150150/07 | Matthews & Associates; Napoli Bern Ripka, LLP |
| 28 Andrea S. Golub and Robert S. Golub, Cheryl Singer, et ux. Bruce Singer, Anthony Bilik, et ux. Genevie Bilik, Patricia Jarvis, et ux. James J. Jarvis, Barbara I. Lupole, et ux. Donald H. Lupole, and Rebecca M. House v. Pfizer Inc., Pharmacia Corporation, a wholly-owned subsidiary of Pfizer Inc., and Pharmacia & Upjohn Company, a wholly-owned subsidiary of Pharmacia Corporation, and Merck & Co., Inc | House, Rebecca M. | 101550/05 | Law Office of Ronald R. Benjamin |
| 29 Ruth Ice v. Pfizer Inc., Pharmacia Corp. f/k/a Pharmacia & Upjohn, Inc., G.D. Searle & Co. and Monsanto Company | Ice, Ruth | 150255/07 | Napoli Bern Ripka, LLP; Watts Law Firm |

5

| | Case Caption | Plaintiff Name | Index No. | Plaintiff's Counsel |
|---|---|---|---|---|
| 30 | Kevin D. James v. Pfizer Inc. | James, Kevin D. | 150172/07 | Matthews & Associates; Napoli Bern Ripka, LLP |
| 31 | Barbara Jaros, Bruce D. Peer, et ux. Pamela K. Peer, Ronald Quackenbush, Sr., and Sharon Seymour Quackenbush v. Pfizer Inc., Pharmacia Corporation, a wholly-owned subsidiary of Pfizer Inc., Pharmacia & Upjohn Company, a wholly-owned subsidiary of Pharmacia Corporation, and Merck & Co., Inc. | Jaros, Barbara | 116110/04 | Law Office of Ronald R. Benjamin |
| 32 | Andrea S. Golub and Robert S. Golub, Cheryl Singer, et ux. Bruce Singer, Anthony Bilik, et ux. Genevie Bilik, Patricia Jarvis, et ux. James J. Jarvis, Barbara I. Lupole, et ux. Donald H. Lupole, and Rebecca M. House v. Pfizer Inc., Pharmacia Corporation, a wholly-owned subsidiary of Pfizer Inc., and Pharmacia & Upjohn Company, a wholly-owned subsidiary of Pharmacia Corporation, and Merck & Co., Inc | Jarvis, Patricia | 101550/05 | Law Office of Ronald R. Benjamin |
| 33 | Joseph E. Jenkins, III v. Pfizer Inc. | Jenkins, III, Joseph E. | 150361/07 | Matthews & Associates; Napoli Bern Ripka, LLP |
| 34 | Shirley A. Jenkins v. Pfizer Inc., Pharmacia Corp. f/k/a Pharmacia & Upjohn, Inc., G.D. Searle & Co. and Monsanto Company | Jenkins, Shirley A. | 150051/07 | Matthews & Associates; Napoli Bern Ripka, LLP |
| 35 | Merton J. Kreps, Sr. v. Pfizer Inc., Pharmacia Corp. f/k/a Pharmacia & Upjohn, Inc., G.D. Searle & Co. and Monsanto Company | Kreps, Sr., Merton J. | 150050/07 | Matthews & Associates; Napoli Bern Ripka, LLP |
| 36 | George Lacey and Roxanne S. Lacey, w/h v. Pfizer Inc., Pharmacia Corp. f/k/a Pharmacia & Upjohn, Inc., G.D. Searle & Co., and Monsanto Company | Lacey, George | 150349/07 | Matthews & Associates; Napoli Bern Ripka, LLP |

6

| | Case Caption | Plaintiff Name | Index No. | Plaintiff's Counsel |
|---|---|---|---|---|
| 37 | Lester A. Lamb v. Pfizer Inc. | Lamb, Lester A. | 150160/07 | Matthews & Associates; Napoli Bern Ripka, LLP |
| 38 | Andrea S. Golub and Robert S. Golub, Cheryl Singer, et ux. Bruce Singer, Anthony Bilik, et ux. Genevie Bilik, Patricia Jarvis, et ux. James J. Jarvis, Barbara I. Lupole, et ux. Donald H. Lupole, and Rebecca M. House v. Pfizer Inc., Pharmacia Corporation, a wholly-owned subsidiary of Pfizer Inc., and Pharmacia & Upjohn Company, a wholly-owned subsidiary of Pharmacia Corporation, and Merck & Co., Inc | Lupole, Barbara I. | 101550/05 | Law Office of Ronald R. Benjamin |
| 39 | Mary Mahar v. Pfizer Inc., Pharmacia Corporation, a wholly-owned subsidiary of Pfizer Inc., and Pharmacia & Upjohn Company, a wholly-owned subsidiary of Pharmacia Corporation, and Merck & Co., Inc. | Mahar, Mary J. | 111300/06 | Law Office of Ronald R. Benjamin |
| 40 | Anthony Marchetti and Beverly Marchetti, h/w v. Pfizer Inc. | Marchetti, Anthony | 113362/06 | Weitz & Luxenberg, P.C. |
| 41 | Beth A. McAllen v. Pfizer Inc., Pharmacia Corp. f/k/a Pharmacia & Upjohn, Inc., G.D. Searle & Co. and Monsanto Company | McAllen, Beth A. | 150080/07 | Matthews & Associates; Napoli Bern Ripka, LLP |
| 42 | Marion McCaskill-Whittington v. Pfizer Inc. | McCaskill-Whittington, Marion | 150386/07 | Matthews & Associates; Napoli Bern Ripka, LLP |
| 43 | Dorothy McKinley v. Pfizer Inc. | McKinley, Dorothy | 150170/07 | Matthews & Associates; Napoli Bern Ripka, LLP |
| 44 | Roy Medlin v. Pfizer Inc. | Medlin, Roy | 150380/07 | Matthews & Associates; Napoli Bern Ripka, LLP |

| | Case Caption | Plaintiff Name | Index No. | Plaintiff's Counsel |
|---|---|---|---|---|
| 45 | Llyod Moore v. Pfizer Inc., Pharmacia Corp. f/k/a Pharmacia & Upjohn, Inc., G.D. Searle & Co. and Monsanto Company | Moore, Llyod | 150295/07 | Matthews & Associates; Napoli Bern Ripka, LLP |
| 46 | Barbara O'Farrell v. Pfizer Inc. | O'Farrell, Barbara | 150396/07 | Weitz & Luxenberg, P.C. |
| 47 | David Ott v. Pfizer Inc. | Ott, David | 150007/07 | Weitz & Luxenberg, P.C. |
| 48 | Jane Outlar, Individually and as Representative for the Estate of David N. Outlar, Deceased v. Pfizer Inc., Pharmacia Corp. f/k/a Pharmacia & Upjohn, Inc., G.D. Searle & Co., and Monsanto Company | Outlar, David N. | 150341/07 | Napoli Bern Ripka, LLP; Watts Law Firm |
| 49 | Donald J. Paquin v. Pfizer Inc. | Paquin, Donald J. | 150182/07 | Matthews & Associates; Napoli Bern Ripka, LLP |
| 50 | Marcus B. Patterson v. Pfizer Inc. | Patterson, Marcus B. | 150332/07 | Matthews & Associates; Napoli Bern Ripka, LLP |
| 51 | Frank H. Alessio, et ux. Patricia A. Alessio, Lucy Pedone, and Vernon Ramoutar v. Pfizer Inc., Pharmacia Corporation, a wholly-owned subsidiary of Pfizer Inc., and Pharmacia & Upjohn Company, a wholly-owned subsidiary of Pharmacia Corporation | Pedone, Lucy | 101549/05 | Law Office of Ronald R. Benjamin |
| 52 | Barbara Jaros, Bruce D. Peer, et ux. Pamela K. Peer, Ronald Quackenbush, Sr., and Sharon Seymour Quackenbush v. Pfizer Inc., Pharmacia Corporation, a wholly-owned subsidiary of Pfizer Inc., Pharmacia & Upjohn Company, a wholly-owned subsidiary of Pharmacia Corporation, and Merck & Co., Inc. | Peer, Bruce D. | 116110/04 | Law Office of Ronald R. Benjamin |

8

| | Case Caption | Plaintiff Name | Index No. | Plaintiff's Counsel |
|---|---|---|---|---|
| 53 | Bobbie A. Pen v. Pfizer Inc. | Pen, Bobbie A. | 150290/07 | Matthews & Associates; Napoli Bern Ripka, LLP |
| 54 | Robert W. Phillips v. Pfizer Inc. | Phillips, Robert W. | 150315/07 | Matthews & Associates; Napoli Bern Ripka, LLP |
| 55 | Kevin Pitcher v. Pfizer Inc., Pharmacia Corporation, a wholly-owned subsidiary of Pfizer Inc., Pharmacia & Upjohn Company, a wholly-owned subsidiary of Pharmacia Corporation, and Merck & Co., Inc. | Pitcher, Kevin | 111311/06 | Law Office of Ronald R. Benjamin |
| 56 | Samuella D. Cadwell and Albert D. Cadwell, Wilbert E. Corprew, et ux, Carol Corprew, Elsa Plocek, et ux. Marian Plocek, and Ronald H. Schaffer, et ux. Beverly Schaffer v. Pfizer Inc., Pharmacia Corporation, a wholly-owned subsidiary of Pfizer Inc., and Pharmacia & Upjohn Company, a wholly-owned subsidiary of Pharmacia Corporation, and Merck & Co., Inc. | Plocek, Elsa | 106547/05 | Law Office of Ronald R. Benjamin |
| 57 | Barbara Jaros, Bruce D. Peer, et ux. Pamela K. Peer, Ronald Quackenbush, Sr., and Sharon Seymour Quackenbush v. Pfizer Inc., Pharmacia Corporation, a wholly-owned subsidiary of Pfizer Inc., Pharmacia & Upjohn Company, a wholly-owned subsidiary of Pharmacia Corporation, and Merck & Co., Inc. | Quackenbush, Ronald, Sr. | 116110/04 | Law Office of Ronald R. Benjamin |
| 58 | Carolyn E. Rabb v. Pfizer Inc., Pharmacia Corp. f/k/a Pharmacia & Upjohn, Inc., G.D. Searle & Co. and Monsanto Company | Rabb, Carolyn E. | 150085/07 | Matthews & Associates; Napoli Bern Ripka, LLP |

| Case Caption | Plaintiff Name | Index No. | Plaintiff's Counsel |
|---|---|---|---|
| 59  Marianne Raftis v. Pfizer Inc., Pharmacia Corporation, a wholly-owned subsidiary of Pfizer Inc., Pharmacia & Upjohn Company, a wholly-owned subsidiary of Pharmacia Corporation, and Merck & Co., Inc. | Raftis, Marianne | 111297/06 | Law Office of Ronald R. Benjamin |
| 60  Maria H. Restrepo v. Pfizer Inc. | Restrepo, Maria H. | 150197/07 | Matthews & Associates; Napoli Bern Ripka, LLP |
| 61  Lula Roberson v. Pfizer Inc., Pharmacia Corp. f/k/a Pharmacia & Upjohn, Inc., G.D. Searle & Co. and Monsanto Company | Roberson, Lula | 150393/07 | Napoli Bern Ripka, LLP; Watts Law Firm |
| 62  Maria Rozario, et ux. Cyril Rozario v. Pfizer Inc., Pharmacia Corporation, a wholly-owned subsidiary of Pfizer Inc. and Pharmacia and Upjohn Company, wholly-owned subsidiary of Pharmacia Corporation | Rozario, Maria | 103934/06 | Law Office of Ronald R. Benjamin |
| 63  Maria Rozario and Cyril Rozario v. Pfizer Inc., Pharmacia Corp. f/k/a Pharmacia & Upjohn, Inc., G.D. Searle & Co. and Monsanto Company | Rozario, Maria | 150235/07 | Napoli Bern Ripka, LLP |
| 64  Khanom Salmassie v. Pfizer Inc., Pharmacia Corp. f/k/a Pharmacia & Upjohn, Inc., G.D. Searle & Co. and Monsanto Company | Salmassie, Khanom | 150394/07 | Napoli Bern Ripka, LLP; Watts Law Firm |
| 65  Dean Santacrose v. Pfizer Inc., Pharmacia Corporation, a wholly-owned subsidiary of Pfizer Inc., and Pharmacia & Upjohn Company, a wholly-owned subsidiary of Pharmacia Corporation, and Merck & Co., Inc. | Santacrose, Dean | 111290/06 | Law Office of Ronald R. Benjamin |

*deleted JM* (61)

*deleted JM* (63)

| | Case Caption | Plaintiff Name | Index No. | Plaintiff's Counsel |
|---|---|---|---|---|
| 66 | Samuella D. Cadwell and Albert D. Cadwell, Wilbert E. Corprew, et ux. Carol Corprew, Elsa Plocek, et ux. Marian Plocek, and Ronald H. Schaffer, et ux. Beverly Schaffer v. Pfizer Inc., Pharmacia Corporation, a wholly-owned subsidiary of Pfizer Inc., and Pharmacia & Upjohn Company, a wholly-owned subsidiary of Pharmacia Corporation, and Merck & Co., Inc. | Schaffer, Ronald H. | 106547/05 | Law Office of Ronald R. Benjamin |
| 67 | Ernest D. Schroeder v. Pfizer Inc. | Schroeder, Ernest D. | 150372/07 | Matthews & Associates; Napoli Bern Ripka, LLP |
| 68 | Ella Schulp, Individually and as Proposed Administrator of the Estate of Eugene Schulp, Deceased v. Pfizer Inc. | Schulp, Eugene | 150406/07 | Weitz & Luxenberg, P.C. |
| 69 | David D. Sellers v. Pfizer Inc., Pharmacia Corp. f/k/a Pharmacia & Upjohn, Inc., G.D. Searle & Co. and Monsanto Company | Sellers, David D. | 150087/07 | Matthews & Associates; Napoli Bern Ripka, LLP |
| 70 | Kenneth E. Shaddix v. Pfizer Inc., Pharmacia Corp. f/k/a Pharmacia & Upjohn, Inc., G.D. Searle & Co. and Monsanto Company | Shaddix, Kenneth E. | 150088/07 | Matthews & Associates; Napoli Bern Ripka, LLP |
| 71 | Betty C. Shagen v. Pfizer Inc. | Shagen, Betty C. | 150319/07 | Matthews & Associates; Napoli Bern Ripka, LLP |
| 72 | Sarah M. Shoulders v. Pfizer Inc. | Shoulders, Sarah M. | 150207/07 | Matthews & Associates; Napoli Bern Ripka, LLP |

| | Case Caption | Plaintiff Name | Index No. | Plaintiff's Counsel |
|---|---|---|---|---|
| 73 | Michael Smith, et ux Bonnie Lou Mitchell v. Pfizer Inc., Pharmacia Corporation, a wholly-owned subsidiary of Pfizer Inc., and Pharmacia & Upjohn Company, a whollly-owned subsidiary of Pharmacia Corporation | Smith, Michael | 115440/05 | Law Office of Ronald R. Benjamin |
| 74 | Johnny A. Sours v. Pfizer Inc. | Sours, Johnny A. | 150403/07 | Matthews & Associates; Napoli Bern Ripka, LLP |
| 75 | Lori Dufresne, Individually and as personal representative for Frank Spencer, deceased v. Pfizer Inc., Pharmacia Corporation, a wholly-owned subsidiary of Pfizer Inc., and Pharmacia & Upjohn Company, a wholly-owned subsidiary of Pharmacia Corporation, and Merck & Co., Inc. | Spencer, Frank | 402996/07 | Law Office of Ronald R. Benjamin |
| 76 | Margaret Steinhoff, et ux. Michael Steinhoff v. Pfizer Inc., Pharmacia Corporation, a wholly-owned subsidiary of Pfizer Inc., and Pharmacia & Upjohn Company, a wholly-owned subsidiary of Pharmacia Corporation, and Merck & Co., Inc. | Steinhoff, Margaret | 111292/06 | Law Office of Ronald R. Benjamin |
| 77 | Keith H. Stender v. Pfizer Inc. | Stender, Keith H. | 150223/07 | Matthews & Associates; Napoli Bern Ripka, LLP |
| 78 | Susan N. Thaler v. Pfizer Inc. | Thaler, Susan N. | 150225/07 | Matthews & Associates; Napoli Bern Ripka, LLP |
| 79 | Jimmy E. Thompson v. Pfizer Inc., Pharmacia Corp. f/k/a Pharmacia & Upjohn, Inc., G.D. Searle & Co. and Mousanto Company | Thompson, Jimmy E. | 150301/07 | Matthews & Associates; Napoli Bern Ripka, LLP |

| | Case Caption | Plaintiff Name | Index No. | Plaintiff's Counsel |
|---|---|---|---|---|
| 80 | Thelma Tomasco v. Pfizer Inc., Pharmacia Corp. f/k/a Pharmacia & Upjohn, Inc., G.D. Searle & Co. and Monsanto Company | Tomasco, Thelma | 150091/07 | Matthews & Associates; Napoli Bern Ripka, LLP |
| 81 | Tamatha Tucker v. Pfizer Inc. | Tucker, Tamatha | 116286/06 | Weitz & Luxenberg, P.C. |
| 82 | Clifton B. Whitehead v. Pfizer Inc., Pharmacia Corp. f/k/a Pharmacia & Upjohn, Inc., G.D. Searle & Co. and Monsanto Company | Whitehead, Clifton B. | 150094/07 | Matthews & Associates; Napoli Bern Ripka, LLP |
| 83 | John Wolfe and Thai Wolfe, w/h v. Pfizer Inc., Pharmacia Corp. f/k/a Pharmacia & Upjohn, Inc., G.D. Searle & Co. and Monsanto Company | Wolfe, John | 150240/07 | Napoli Bern Ripka, LLP; Watts Law Firm |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---------------------------------------------------------------------- x
                              :

IN RE: NEW YORK BEXTRA AND CELEBREX    :  Index No. 762000/06
PRODUCT LIABILITY LITIGATION           :
                              :
                              :

---------------------------------------------------------------------- x
THIS DOCUMENT APPLIES TO:          :
---------------------------------------------------------------------- x

CAROL ADELBERG, et ux. ARTHUR ADELBERG and  :  Index No. 401585/07
ANTONIO AMENDOEIRA, et ux. MARIA        :
AMENDOEIRA,                            :
                              :
                    Plaintiffs,    :  [PROPOSED] ORDER
                              :
            v.                 :  (COMPLIANCE MOTION
                              :  NO. 2)
PFIZER INC., PHARMACIA CORPORATION, a wholly-  :
owned subsidiary of PFIZER INC., and PHARMACIA &  :
UPJOHN COMPANY, a wholly-owned subsidiary of    :
PHARMACIA CORPORATION and MERCK & CO., INC.,  :
                              :
                    Defendants.    :
                              :

---------------------------------------------------------------------- x

      THIS MATTER having come before the Court on the Pfizer Defendants' Motion to

Dismiss; the parties having received due notice and having had the opportunity to be heard; and

this Court having considered all submissions made in support of and in opposition to the motion,

finds as follows:

      Plaintiffs Carol Adelberg and Arthur Adelberg have failed to comply with Case

Management Order No. 6 ("CMO No. 6") by failing to provide Pfizer Defendants with a

completed Plaintiff Fact Sheet ("PFS"), correctly executed authorizations, and responsive

documents within sixty (60) days after the filing of their case. Plaintiffs also have failed to

comply with the Order issued by the Special Master, Judge Fern M. Smith (Ret.), on November

5, 2007, requiring Plaintiffs to provide the discovery required by CMO No. 6 within twenty-one

(21) days of entry of that Order or face dismissal with prejudice.

Based on these failures, the Court also finds as follows:

(1)    The public's interest in expeditious resolution of this litigation is compromised by Plaintiffs' failure to comply with CMO No. 6 and the Special Master's Compliance Order. This Court and the public have an overriding interest in securing the just, speedy, and inexpensive determination of every action. Plaintiffs' failures are unreasonable and have impeded the resolution of these matters.

(2)    The Court's need to manage its docket is compromised by Plaintiffs' failure to comply with CMO No. 6 and the Special Master's Compliance Order. The Court cannot effectively move forward with the cases in which plaintiffs have provided the required discovery when other plaintiffs have failed to do so. Dismissal of Plaintiffs' case will serve to appropriately penalize them for their non-compliance and also will encourage other plaintiffs to comply with this Court's Case Management Orders.

(3)    Defendants are prejudiced by the Plaintiffs' failure to comply with CMO No. 6 and the Special Master's Compliance Order. Without the discovery required by CMO No. 6, the Pfizer Defendants cannot defend themselves because they have no information about the Plaintiffs or the Plaintiffs' injuries outside the allegations in the Complaint. The Pfizer Defendants are also prejudiced by the loss of evidence and memory that attend the delay in providing required discovery, factors that are aggravated by the complexity of this litigation.

(4)    The public policy favoring disposition on the merits is overridden by Plaintiffs' failure to comply with CMO No. 6 and the Special Master's Compliance Order. The Court finds that Plaintiffs' failure to provide the required discovery obstructs resolution of their claims on the merits. A case that is stalled or unreasonably delayed by a party's failure to comply with deadlines and discovery obligations cannot move forward toward resolution on the merits.

(5)    There are no less drastic sanctions available to force the Plaintiffs to comply with this Court's orders. The Court finds that CMO No. 6 and the Special Master's Compliance Order both provide specific warnings stating that claims may be dismissed with prejudice for

failure to comply with discovery obligations.

Accordingly, in light of this Court's role in overseeing this litigation, the Court hereby finds that dismissal of Plaintiffs' claims, with prejudice, is warranted.

THEREFORE, IT IS HEREBY ORDERED THAT the Pfizer Defendants' Motion to Dismiss is GRANTED and Plaintiffs' causes of action against Pfizer Defendants are DISMISSED WITH PREJUDICE.


IT IS SO ORDERED.


Dated: March ___, 2008                    _____

                                          Hon. Shirley W. Kornreich

02/29/2008  19:44    212-403-5663         DLA PIPER US LLP                    PAGE  03/40

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-------------------------------------------------------------- x

IN RE: NEW YORK BEXTRA AND CELEBREX
PRODUCT LIABILITY LITIGATION

Index No. 762000/06

-------------------------------------------------------------- x

CAROL ADELBERG, et ux. ARTHUR ADELBERG, and
ANTONIO AMENDOEIRA ux. MARIA
AMENDOEIRA,

Index No. 401585/07

002679

               Plaintiffs,

    -against-

PFIZER INC., PHARMACIA CORPORATION, a wholly
owned subsidiary of PFIZER INC., PHARMACIA &
UPJOHN COMPANY, a wholly-owned subsidiary of
PHARMACIA CORPORATION, and MERCK & CO.,
INC.,

               Defendants.

STIPULATION OF
PARTIAL DISMISSAL
WITH PREJUDICE
AGAINST PFIZER
DEFENDANTS

-------------------------------------------------------------- x

IT IS HEREBY STIPULATED AND AGREED, by and between Plaintiffs Carol

Adelberg and Arthur Adelberg ("Plaintiffs"), Defendants Pfizer Inc., Pharmacia Corporation and

Pharmacia & Upjohn Company ("Pfizer Defendants") and Defendant Merck & Co., Inc. through

their respective attorneys, that whereas no party hereto is an infant, incompetent person for

whom a committee has been appointed or conservatee and no person not a party has an interest

in the subject matter of this action, Plaintiffs Carol Adelberg and Arthur Adelberg's claims

asserted against Pfizer Defendants, which were filed in a multi-plaintiff Complaint against Pfizer

Defendants and Merck & Co., Inc., are dismissed with prejudice.

    This Stipulation, however, is a partial dismissal in that it does not affect any claims,

counterclaims or issues by and between Defendants and Plaintiffs Antonio Amendoeira or Maria

Amendoeira. This Stipulation may be filed without further notice with the Clerk of the Court. A

facsimile copy of this Stipulation shall have the same effect as the original.

Dated: New York, New York
       March 5       , 2008


LAW OFFICE OF RONALD R. BENJAMIN          DLA PIPER US LLP

By: _____            By: _____
    Ronald R. Benjamin                        Christopher M. Strongosky
    126 Riverside Drive                        Tiffany L. Christian
    P.O. Box 607                               1251 Avenue of the Americas
    Binghamton, New York 13902-0607            New York, NY 10020-1104
    607-772-1442                               212-335-4500

*Attorneys for Plaintiffs*                 *Attorneys for Pfizer Defendants*


HUGHES HUBBARD & REED LLP

By: _____
    Vilia B. Hayes
    One Battery Park Plaza
    New York, NY 10004-1482
    212-837-6000

*Attorneys for Merck & Co., Inc.*

facsimile copy of this Stipulation shall have the same effect as the original.

Dated:  New York, New York
        March 4, 2008


LAW OFFICE OF RONALD R. BENJAMIN                DLA PIPER US LLP

By: _____                            By: _____
    Ronald R. Benjamin                              Christopher M. Strongosky
    126 Riverside Drive                             Tiffany L. Christian
    P.O. Box 607                                    1251 Avenue of the Americas
    Binghamton, New York 13902-0607                 New York, NY 10020-1104
    607-772-1442                                    212-335-4500

*Attorneys for Plaintiffs*                       *Attorneys for Pfizer Defendants*


HUGHES HUBBARD & REED LLP

By: *Vilia B. Hayes*
    Vilia B. Hayes
    One Battery Park Plaza
    New York, NY 10004-1482
    212-837-6000

*Attorneys for Merck & Co., Inc.*

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK     )
                          : ss.:

COUNTY OF NEW YORK   )

     Luke K. Tamura, being duly sworn, deposes and says: I am over the age of 18 years old and not a party to this action.  On the 8th day of February, 2008, I caused to be served a true copy of the foregoing Pfizer Defendants' REQUEST FOR JUDICIAL INTERVENTION on the following counsel by U.S. mail:

Ronald R. Benjamin
LAW OFFICES OF RONALD R. BENJAMIN
126 Riverside Drive
P.O. Box 607
Binghamton, New York 13902-0607

the address designated by said attorney for that purpose.  Service was completed by depositing a true copy of same, enclosed in a postpaid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Postal Service.

_____
Luke K. Tamura

Sworn to before me this
8th day of February, 2008

_____
Notary Public

TARSHA THOMPSON
Notary Public, State of New York
No. 01TH6058309
Qualified in Bronx County
Commission Expires May 7, 201

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK          )
                           :  ss.:
COUNTY OF NEW YORK         )

      Luke K. Tamura, being duly sworn, deposes and says: I am over the age of 18 years and not a party to this action. On the 11th day of February, 2008, I caused to be served a true copy of the foregoing Pfizer Defendants' REQUEST FOR JUDICIAL INTERVENTION on counsel by overnight delivery at the following address:

Vilia B. Hayes
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, NY 10004

the address designated by said attorney for that purpose. Service by overnight delivery was completed by depositing a true copy of same enclosed in a properly addressed wrapper into the custody of the overnight delivery service for overnight delivery, prior to the latest time designated by the overnight delivery service for overnight delivery.

_____
Luke K. Tamura

Sworn to before me this
13th day of February, 2008

_____
Notary Public

JEROME McCAIN
Notary Public, State of New York
No. 01MC5050517
Qualified in Bronx County
Certificate Filed in New York County
Commission Expires December 11, 2009

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK          )
                           :  ss.:
COUNTY OF NEW YORK         )

      Luke K. Tamura, being duly sworn, deposes and says: I am over the age of 18 years old and not a party to this action. On the 8th day of February, 2008, I caused to be served true copies of the foregoing Pfizer Defendants' NOTICE OF MOTION TO DISMISS (COMPLIANCE MOTION NO. 2), AFFIRMATION OF CHRISTOPHER M. STRONGOSKY (COMPLIANCE MOTION NO. 2) and exhibit attached thereto, and [PROPOSED] ORDER (COMPLIANCE MOTION NO. 2) on the following counsel by U.S. mail:

Ronald R. Benjamin
LAW OFFICES OF RONALD R. BENJAMIN
126 Riverside Drive
P.O. Box 607
Binghamton, New York 13902-0607

Mitchell Breit
WHATLEY DRAKE & KALLAS LLC
1540 Broadway, 37th Floor
New York, New York 10036

David Rosenband
WEITZ & LUXENBERG, P.C.
180 Maiden Lane
New York, NY 10038

the addresses designated by said attorneys for that purpose. Service was completed by depositing true copies of same, enclosed in postpaid properly addressed wrappers, in an official depository under the exclusive care and custody of the United States Postal Service.

_____
Luke K. Tamura

Sworn to before me this
8th day of February, 2008

_____
Notary Public

TARSHA THOMPSON
Notary Public, State of New York
No. 01TH6058309
Qualified in Bronx County
Commission Expires May 7, 20

E-Filed Document
#14

UCS-840 (REV
**REQUEST FOR JUDICIAL INTERVENTION**

| Supreme | New York | 401585/07 | 3/26/2007 |
|---------|----------|-----------|-----------|
| COURT | COUNTY | INDEX NO. | DATE PURCHASED |

For Clerk Only

FEB 2 6 2008

IAS entry

Judge Assigned

RJI Date

PLAINTIFF(S)        003669

Carol Adelberg, et ux. Arthur Adelberg and Antonio Amendoeira, et ux. Maria
Amendoeira,

002223                    2-6-08

DEFENDANT(S)

Pfizer Inc., Pharmacia Corporation, a wholly-owned subsidiary of Pfizer Inc., and
Pharmacia & Upjohn Company, a wholly-owned subsidiary of Pharmacia Corporation
and Merck & Co., Inc.

Date issue joined: N/A                  Bill of particulars served (Y/N)   [ ] Yes   [X] No

**NATURE OF JUDICIAL INTERVENTION** (check ONE box only AND enter information)

[ ] Request for preliminary conference

[ ] Note of issue and/or certificate of
    readiness

[X] Notice of motion (return date: 3/6/2008   )
    Relief sought Motion to Dismiss

[ ] Order to show cause
    (clerk enter return date:            )

    Relief sought

[ ] other ex parte application (specify:        )

[ ] Notice of petition (return date:          )
    Relief sought

[ ] Notice of medical or dental malpractice
    action (specify:                        )

[ ] Statement of net worth

[ ] Writ of habeas corpus

[ ] other (specify:                )

**NATURE OF ACTION OR PROCEEDING** (check ONE box only)

**MATRIMONIAL**

[ ] Contested   [ ] Uncontested          —CM
                                         —UM

**COMMERCIAL**

[ ] Contract                             —CONT
[ ] Corporate                            —CORP
[ ] Insurance (where insurer is a        —INS
    party, except arbitration)
[ ] UCC (including sales, negotiable     —UCC
    instruments)
[ ] *Other Commercial                    —OC

**REAL PROPERTY**

[ ] Tax Certiorari                       —TAX
[ ] Foreclosure                          —FOR
[ ] Condemnation                         —COND
[ ] Landlord/Tenant                      —LT
[ ] *Other Real Property                 —ORP

**OTHER MATTERS**

[ ] *                                    —OTH

**TORTS**

Malpractice

[ ] Medical/Podiatric                    —MM
[ ] Dental                               —DM
[ ] *Other Professional                  —OPM

[ ] Motor Vehicle                        —MV
[X] *Products Liability                  —PL
    Pharmaceutical
[ ] Environmental                        —EN
[ ] Asbestos                             —ASB
[ ] Breast Implant                       —BI
[ ] *Other Negligence                    —OTN

[ ] *Other Tort (including               —OT
    intentional)

**SPECIAL PROCEEDINGS**

[ ] Art. 75 (Arbitration)                —ART75
[ ] Art. 77 (Trusts)                     —ART77
[ ] Art. 78                              —ART78
[ ] Election Law                         —ELEC
[ ] Guardianship (MHL Art. 81)           —GUARD81
[ ] *Other Mental Hygiene                —MHYG
[ ] *Other Special Proceeding            —OSP

**E-Filed Document**
#10

2002 © American LegalNet, Inc.

Is this action/proceeding against a

| YES | NO | | YES | NO | |
|---|---|---|---|---|---|
| [☐] | [☒] | Municipality: | [☐] | [☒] | Public Authority: |
| | | (specify _____) | | | (specify _____) |

YES  NO

[☐] [☒] Does this action/proceeding seek equitable relief?
[☒] [☐] Does this action/proceeding seek recovery for personal injury?
[☐] [☒] Does this action/proceeding seek recovery for property damage?

**Pre-Note Time Frames:**
**(This applies to all cases except contested matrimonials and tax certiorari cases)**

Estimated time period for case to he ready for trial (from filing of RJI to filing of Note of Issue):

    ☐ Expedited: 0-8 months    ☐ Standard: 9-12 months    ☒ Complex: 13-15 months

Contested Matrimonial Cases Only: (Check and give date)

    Has summons been served?        ☐ No     ☐ Yes, Date _____

    Was a Notice of No Necessity filed?   ☐ No     ☐ Yes, Date _____

**ATTORNEY(S) FOR PLAINTIFF(S)**

| Self Rep.* | Name | Address | Phone # |
|---|---|---|---|
| ☐ | See Rider Sheet | | |
| ☐ | | | |

**ATTORNEY(S) FOR DEPENDANT(S)**

| Self Rep.* | Name | Address | Phone # |
|---|---|---|---|
| ☐ | See Rider Sheet | | |
| ☐ | | | |

*Self Represented: parties representing themselves, without an attorney, should check the "Self Rep." box and enter their name, address, and phone # in the space provided above for attorneys.

**INSURANCE CARRIERS:**

**RELATED CASES: (IF NONE, write "NONE" below)**

| Title | Index # | Court | Nature of Relationship |
|---|---|---|---|

In re: New York Bextra and Celebrex Product Liability Litigation, Index No. 762000/06, Supreme Court, New York County

     I AFFIRM UNDER PENALTY OF PERJURY THAT, TO MY KNOWLEDGE, OTHER THAN AS NOTED ABOVE, THERE ARE AND HAVE BEEN NO RELATED ACTIONS OR PROCEEDINGS, NOR HAS A REQUEST FOR JUDICIAL INTERVENTION PREVIOUSLY BEEN FILED IN THIS ACTION OR PROCEEDING.

Dated: 2/8/2008

_Tiffany L Christian_
(SIGNATURE)

Tiffany L. Christian
      (PRINT OR TYPE NAME)

Pfizer Inc. (see Rider)
      ATTORNEY FOR

**ATTACH RIDER SHEET IF NECESSARY TO PROVIDE REQUIRED INFORMATION**

<u>RIDER SHEET</u>

Attorneys for Plaintiffs

Ronald R. Benjamin
LAW OFFICES OF RONALD R. BENJAMIN
126 Riverside Drive
P.O. Box 607
Binghamton, New York 13902-0607
(607) 772-1442

Attorneys for Defendants

Christopher M. Strongosky
Tiffany L. Christian
DLA PIPER US LLP
1251 Avenue of the Americas
New York, New York  10020
(212) 335-4500



STATE OF NEW YORK
**UNIFIED COURT SYSTEM
FIRST JUDICIAL DISTRICT
SUPREME COURT, CIVIL BRANCH**
60 CENTRE STREET
NEW YORK, NEW YORK 10007-1474
(646) 386-3170
FAX (212) 374-1803

JONATHAN LIPPMAN
Chief Administrative Judge

JOAN B. CAREY
Deputy Chief Administrative Judge
New York City Courts

JACQUELINE W. SILBERMANN
Administrative Judge
First Judicial District
Supreme Court, Civil Branch

## ADMINISTRATIVE ORDER

By the authority vested in me as Administrative Judge of the Supreme Court, Civil Branch, New York County, in light of the Decisions and Orders of the Litigation Coordinating Panel of the State of New York identified below, and pursuant to Section 202.69 (c ) (1) of the Uniform Rules for the Trial Courts, and in view of the facts that the Supreme Court, Civil Branch, New York County has established a Center for Complex Litigation in implementation of the recommendations of the Comprehensive Civil Justice Program - - 2005 and the undersigned, by Administrative Order dated February 21, 2006, has assigned several Justices to said Center,

IT IS HEREBY ORDERED as follows:

Bextra, Celebrex and Vioxx Cases

1. Pursuant to Administrative Order dated December 2, 2005, various cases seeking damages for personal injury from ingestion of the drug Bextra only, were assigned to Hon. Shirley W. Kornreich, one of the Justices of the Center, for the purpose of coordination as set forth in Uniform Rule 202.69 and, in the case of New York County matters, for all other purposes as well.

2. All other cases currently pending in Supreme Court, New York County, or hereafter commenced here in which the plaintiff seeks damages for personal injury alleged to have resulted from ingestion of Bextra, Celebrex, or Vioxx, whether alone or in any combination, shall be assigned to Justice Kornreich for all purposes.

Hormone Replacement Therapy

3. All cases seeking damages for personal injury alleged to have occurred as a result of the ingestion of medications in the course of hormone replacement therapy ("Hormone

Index No. 101324/2005 (New York County)), and any other Fleet Phospho Soda Actions that were filed as of the date of the Decision and Order and that remain active but that were not included in the caption or Appendix thereof and that are transferred to this County pursuant to the Decision and Order, and any other such Actions as may be filed and transferred subsequent to the date of the Decision and Order shall be assigned to Justice Friedman for purposes of the coordination.

<u>Neurontin Cases</u>

9. All cases seeking damages for personal injury or wrongful death alleged to have occurred as a result of the ingestion of the prescription medication Neurontin ("Neurontin Actions") that are currently pending in the Supreme Court, Civil Branch, New York County or that shall hereafter be commenced in this County shall be assigned to Hon. Marcy S. Friedman for the purpose of coordination as set forth below and for all other purposes.

10. In addition, the Litigation Coordinating Panel, by Decision and Order dated March 31, 2006 in the matter of <u>Delaney v. Pfizer, Inc.</u>, Index No. 117852/2004 (New York County), Panel Case No. 0002/2006, has directed that Neurontin Actions shall be coordinated pursuant to Uniform Rule 202.69 in the Supreme Court of the State of New York, County of New York, before a Coordinating Justice of that county. Justice Friedman is hereby designated the Coordinating Justice for the coordination directed by the Panel in the said Decision and Order.

11. Pursuant to the Decision and Order of the Panel, all the actions set forth in the caption and Appendix thereof, and any other Neurontin Actions that were filed as of the date of the Decision and Order and that remain active but that were not included in the caption or Appendix thereof and that are transferred to this County pursuant to the Decision and Order, and any other such Actions as may be filed and transferred subsequent to the date of the Decision and Order shall be assigned to Justice Friedman for purposes of the coordination.

<u>All Cases</u>

12. A Request for Judicial Intervention shall be filed in every case covered by this Order. In cases that are transferred to this County from another for the purpose of coordination, an RJI shall be issued by the Clerk without fee if a party has already paid for an RJI in another County. The Clerks of the relevant back offices shall assign or reassign the cases covered by this Order, those pending or hereafter filed here and those transferred to this County from another County for coordination as set forth above. Attorneys who hereafter file in this court any of the kinds of matters set forth above or who effect transfer of any such

matters to this court for coordination as directed by the Litigation Coordinating Panel in any of the Decisions and Orders set forth above shall identify on the Request for Judicial Intervention the kind of case involved (e.g., Neurontin Action) and shall attach to the RJI a copy of this Administrative Order.

Dated: New York, New York

April ___14___, 2006

Hon. Jacqueline W. Silbermann
Administrative Judge

4

CRT10R    3/05/07  11:48:32

PAGE:    1

O F F I C E   C O U N T Y   O F   N A S S A U
C L E R K ' S   M I N U T E S   O F   T H E   C O U N T Y   C L E R K

#LH0158570A

```
FILED
MAR 2 6 2007
NEW YORK
COUNTY CLERK'S OFFICE
```

This document has
NOT been
E-Filed

| FILING DATE | DOCUMENT DESCRIPTION | REFERENCE NUMBER | PARTY NAMES | | NOTATIONS |
|---|---|---|---|---|---|
| 04/29/05 | INDEX # W/ SUMM | 05--006682 | ADELBERG<br>ADELBERG<br>AMENDOEIRA<br>AMENDOEIRA<br>PFIZER INC<br>PHARMACIA CORP<br>PHARMACIA & UPJOHN CO<br>MERCK & CO INC<br>RONALD BENJAMIN | CAROL<br>ARTHUR<br>ANTONIO<br>MARIA | |
| 05/26/05 | COURT MISCELLAN | 05--006682 | ADELBERG<br>ADELBERG<br>AMENDOEIRA<br>AMENDOEIRA<br>PFIZER INC<br>PHARMACIA CORP<br>PHARMACIA & UPJOHN CO<br>MERCK & CO INC<br>RONALD BENJAMIN | CAROL<br>ARTHUR<br>ANTONIO<br>MARIA | ACKNOWLEDGMENT OF S&C |
| 06/13/05 | COURT MISCELLAN | 05--006682 | ADELBERG<br>ADELBERG<br>AMENDOEIRA<br>AMENDOEIRA<br>PFIZER INC<br>PHARMACIA CORP<br>PHARMACIA & UPJOHN CO<br>MERCK & CO INC<br>RONALD BENJAMIN | CAROL<br>ARTHUR<br>ANTONIO<br>MARIA | SERVICE BY MAIL CONSENT |
| 06/14/05 | ANSWER | 05--006682 | ADELBERG<br>ADELBERG<br>AMENDOEIRA<br>AMENDOEIRA<br>PFIZER INC<br>PHARMACIA CORP<br>PHARMACIA & UPJOHN CO<br>MERCK & CO INC<br>RONALD BENJAMIN | CAROL<br>ARTHUR<br>ANTONIO<br>MARIA | & JURY DEMND |
| 06/14/05 | COURT MISCELLAN | 05--006682 | ADELBERG<br>ADELBERG<br>AMENDOEIRA<br>AMENDOEIRA<br>PFIZER INC<br>PHARMACIA CORP<br>PHARMACIA & UPJOHN CO<br>MERCK & CO INC<br>RONALD BENJAMIN | CAROL<br>ARTHUR<br>ANTONIO<br>MARIA | NOTICE TO TAKE DEPOSITION |

PAGE: 2

05/05/07 11:48:32

O F F I C E   O F   T H E   C O U N T Y   C L E R K
C O U N T Y   O F   N A S S A U
C L E R K ' S   M I N U T E S

| FILING DATE | DOCUMENT DESCRIPTION | REFERENCE NUMBER | PARTY NAMES | NOTATIONS |
|---|---|---|---|---|
| 07/18/05 | ROI | 05--006682 | ADELBERG CAROL<br>ADELBERG ARTHUR<br>AMENDOEIRA ANTONIO<br>AMENDOEIRA MARIA<br>PFIZER INC<br>PHARMACIA CORP<br>PHARMACIA & UPJOHN CO<br>MERCK & CO INC<br>RONALD BENJAMIN | |
| 07/18/05 | MOTION/CROSS-MO | 05--006682 | ADELBERG CAROL<br>ADELBERG ARTHUR<br>AMENDOEIRA ANTONIO<br>AMENDOEIRA MARIA<br>PFIZER INC<br>PHARMACIA CORP<br>PHARMACIA & UPJOHN CO<br>MERCK & CO INC<br>RONALD BENJAMIN | WALK |
| 08/03/05 | MOTION/CROSS-MO | 05--006682 | ADELBERG CAROL<br>ADELBERG ARTHUR<br>AMENDOEIRA ANTONIO<br>AMENDOEIRA MARIA<br>PFIZER INC<br>PHARMACIA CORP<br>PHARMACIA & UPJOHN CO<br>MERCK & CO INC<br>RONALD BENJAMIN | WALK |
| 03/02/07 | TRANSFER | 05--006682 | ADELBERG CAROL<br>ADELBERG ARTHUR<br>AMENDOEIRA ANTONIO<br>AMENDOEIRA MARIA<br>PFIZER INC<br>PHARMACIA CORP<br>PHARMACIA & UPJOHN CO<br>MERCK & CO INC<br>RONALD BENJAMIN | TRANSFER TO NEW YORK COUNTY AS PER STIP TO CHANGE VENUE |

## COUNTY CLERK, NEW YORK COUNTY

Application for INDEX NUMBER pursuant to Section 8018, C.P.L.R.

### FEE $210.00

| INDEX NUMBER |
|---|
| |
| Do not write in this space |

Space below to be TYPED or PRINTED by applicant

### TITLE OF ACTION OR PROCEEDING

**CHECK ONE**

| | | |
|---|---|---|
| ☐ COMMERCIAL ACTION | ☑ | NOT COMMERCIAL ACTION |
| ☐ CONSUMER CREDIT TRANSACTION | ☐ | NOT CONSUMER CREDIT TRANSACTION |
| ☐ THIRD PARTY ACTION | ☑ | NOT THIRD PARTY ACTION |

CAROL ADELBERG, et ux., ARTHUR ADELBERG
and ANTONIO AMENDOEIRA, et ux., MARIA
AMENDOEIRA,

Plaintiffs

-against-

PFIZER INC., PHARMACIA CORPORATION, a
wholly-own subsidiary of PFIZER INC., and
PHARMACIA & UPJOHN COMPANY, a wholly
owned subsidiary of PHARMACIA CORPORATION
and MERCK, INC.,

Defendants.

**IF THIRD PARTY ACTION
MAIN INDEX NO.** _____

07401055

**Name and address of
Attorney for Plaintiff
or Petitioner.
Telephone No.**

**Name and address of
Attorney for Defendant
or Respondent.
Telephone No.**

**A.    Nature and object of action or
         Nature of special proceeding**    _Transfer_ _June_ _Nassau_
_____ _(C.)_

**B.    Application for Index Number filed by:    Plaintiff ☑    Defendant ☐**

**C.    Was a previous Third Party Action filed    Yes ☐    No ☐
         Date filed** _____

SUPREME COURT OF THE STATE OF NEW YORK — NEW YORK COUNTY

PRESENT: _____  HON. SHIRLEY WERNER KORNREICH    PART 54

_____ Justice

| Index Number : 401585/2007 | INDEX NO. 401585-07 E |
| ADELBERG, CAROL | MOTION DATE |
| vs. | MOTION SEQ. NO. #001 |
| PFIZER | MOTION CAL. NO. |
| SEQUENCE NUMBER :  # 001 | |
| DISMISS | |

.e read on this motion to/for _____

| | PAPERS NUMBERED |
| Notice of Motion/ Order to Show Cause — Affidavits — Exhibits ... | |
| Answering Affidavits — Exhibits _____ | |
| Replying Affidavits _____ | |

**Cross-Motion:**  ☐ Yes   ☐ No

Upon the foregoing papers, it is ordered that this motion  *withdrawn.*

**FILED**
APR 09 2008
COUNTY CLERK'S OFFICE
NEW YORK

**RECEIVED**
APR 09 2008
IAS MOTION
SUPPORT OFFICE

SUPREME COURT
NYS E-FILING
REVIEWED
APR 11 2008
E-FILING DEPT

*MOTION/CASE IS RESPECTFULLY REFERRED TO JUSTICE FOR THE FOLLOWING REASON(S):*

Dated: 4/7/08  _____   HON. SHIRLEY WERNER KORNREICH
                                                                                     J.S.C.

Check one:  ☐ **FINAL DISPOSITION**     ☐ **NON-FINAL DISPOSITION**

Check if appropriate:   ☐ **DO NOT POST**      ☐ **REFERENCE**

MDAt

02/29/2008  19:44    212-480-5663        DLA PIPER US LLP                      PAGE  03/40

COURTESY COPY
Original E-filed as
Document # 15

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

----------------------------------------------------------x

IN RE: NEW YORK BEXTRA AND CELEBREX                    Index No. 762000/06
PRODUCT LIABILITY LITIGATION

:
:
----------------------------------------------------------x

CAROL ADELBERG, et ux. ARTHUR ADELBERG, and          Index No. 401585/07
ANTONIO AMENDOEIRA, et ux. MARIA
AMENDOEIRA,

                Plaintiffs,

    -against-                                            STIPULATION OF
                                                       PARTIAL DISMISSAL
PFIZER INC., PHARMACIA CORPORATION, a wholly-         WITH PREJUDICE
owned subsidiary of PFIZER INC., PHARMACIA &          AGAINST PFIZER
UPJOHN COMPANY, a wholly-owned subsidiary of          DEFENDANTS
PHARMACIA CORPORATION, and MERCK & CO.,
INC.,

                Defendants.

----------------------------------------------------------x

**FILED**

APR 0 9 2008

COUNTY CLERK'S OFFICE
NEW YORK

    IT IS HEREBY STIPULATED AND AGREED, by and between Plaintiffs Carol

Adelberg and Arthur Adelberg ("Plaintiffs"), Defendants Pfizer Inc., Pharmacia Corporation and

Pharmacia & Upjohn Company ("Pfizer Defendants") and Defendant Merck & Co., Inc. through

their respective attorneys, that whereas no party hereto is an infant, incompetent person for

whom a committee has been appointed or conservatee and no person not a party has an interest

in the subject matter of this action, Plaintiffs Carol Adelberg and Arthur Adelberg's claims

asserted against Pfizer Defendants, which were filed in a multi-plaintiff Complaint against Pfizer

Defendants and Merck & Co., Inc., are dismissed with prejudice.

    This Stipulation, however, is a partial dismissal in that it does not affect any claims,

counterclaims or issues by and between Defendants and Plaintiffs Antonio Amendoeira or Maria

Amendoeira. This Stipulation may be filed without further notice with the Clerk of the Court. A

facsimile copy of this Stipulation shall have the same effect as the original.

Dated:  New York, New York
        March 5        , 2008


LAW OFFICE OF RONALD R. BENJAMIN

By: _____
    Ronald R. Benjamin
    126 Riverside Drive
    P.O. Box 607
    Binghamton, New York 13902-0607
    607-772-1442

*Attorneys for Plaintiffs*


DLA PIPER US LLP

By: _____
    Christopher M. Strongosky
    Tiffany L. Christian
    1251 Avenue of the Americas
    New York, NY 10020-1104
    212-335-4500

*Attorneys for Pfizer Defendants*


HUGHES HUBBARD & REED LLP

By: _____
    Vilia B. Hayes
    One Battery Park Plaza
    New York, NY 10004-1482
    212-837-6000

*Attorneys for Merck & Co., Inc.*

03/04/2008 17 22 FAX                    HH&R LLP 11W                           012/008
03/03/2008  11:33    212-403-5663              DLA PIPER US LLP              PAGE  15/31

facsimile copy of this Stipulation shall have the same effect as the original.

Dated: New York, New York
        March 4 , 2008

LAW OFFICE OF RONALD R. BENJAMIN

By: _____
    Ronald R. Benjamin
    126 Riverside Drive
    P.O. Box 607
    Binghamton, New York 13902-0607
    607-772-1442

*Attorneys for Plaintiffs*


DLA PIPER US LLP

By: _____
    Christopher M. Strongosky
    Tiffany L. Christian
    1251 Avenue of the Americas
    New York, NY 10020-1104
    212-335-4500

*Attorneys for Pfizer Defendants*


HUGHES HUBBARD & REED LLP

By: *Vilia B. Hayes*
    Vilia B. Hayes
    One Battery Park Plaza
    New York, NY 10004-1482
    212-837-6000

*Attorneys for Merck & Co., Inc.*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - x

CAROL ADELBERG, et ux. ARTHUR
ADELBERG, and ANTONIO AMENDOEIRA, et
ux. MARIA AMENDOEIRA,

                            Plaintiffs,

-against-

PFIZER, INC., PHARMACIA CORPORATION,
a wholly-owned subsidiary of PFIZER, INC., and
PHARMACIA & UPJOHN COMPANY, a
wholly-owned subsidiary of PHARMACIA
CORPORATION, and MERCK & CO, INC.,

                         Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - x

No.: 401585/07

**NOTICE OF APPEARANCE**

FILED
APR - 4 2007
NEW YORK
COUNTY CLERK'S OFFICE

THE CLERK OF THE COURT is respectfully requested to enter the appearance of

Hughes Hubbard & Reed LLP as counsel for defendant Merck & Co., Inc. in this action.

Dated:        New York, New York
              April 4, 2007

                                    HUGHES HUBBARD & REED LLP

                                    By: _Vilia B. Hayes_
                                       Theodore V. H. Mayer
                                       Vilia B. Hayes
                                       Robb W. Patryk

This document has
NOT been
E-Filed

                                  One Battery Park Plaza
                                  New York, New York 10004
                                  (212) 837-6000

                                  *Attorneys for Defendant Merck & Co., Inc.*

To:    Ronald R. Benjamin
       Law Office of Ronald R. Benjamin
       126 Riverside Drive
       P.O. Box 607
       Binghamton, NY 13902-0607
       *Attorneys for Plaintiffs*

       Christopher M. Strongosky, Esq.
       DLA Piper Rudnick Gray Cary
       1251 Avenue of the Americas
       New York, NY 10020
       *Attorneys for Pfizer, Inc., Pharmacia Corporation,*
       *and Pharmacia & Upjohn Corp.*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                :

CAROL ADELBERG, et ux. ARTHUR ADELBERG, and :
ANTONIO AMENDOEIRA, et ux. MARIA
AMENDOEIRA,                         :

                             Plaintiffs,  : **No.: 401585/07**

-against-                             : **<u>AFFIDAVIT OF SERVICE</u>**

PFIZER, INC., PHARMACIA CORPORATION, a    :
wholly-owned subsidiary of PFIZER, INC., and
PHARMACIA & UPJOHN COMPANY, a wholly-owned :
subsidiary of PHARMACIA CORPORATION, and
MERCK & CO, INC.,                     :

                           Defendants.  :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

          SARAH A. BINDER, being duly sworn, deposes and says that she is over the age

of 18 years and not a party to this action, that she is associated with the firm of Hughes Hubbard

& Reed, counsel for Defendant, and that, on April 4, 2007, she served a true and accurate copy

of the Notice of Appearance via first-class mail, postage prepaid, on plaintiff's counsel, Ronald

R. Benjamin, Law Office of Ronald R. Benjamin, 126 Riverside Drive, Binghamton, New York

13902 and on counsel for Defendant Pfizer, Inc., Christopher Strongosky, DLA Piper Rudnick

Gray Cary US LLP, 1251 Avenue of the Americas, New York, New York 10020.

                                                 Sarah A. Binder

Sworn to before me this
4th day of April, 2007

Notary Public

PATRICIA E. SMITH
Notary Public, State of New York
No. 1SM4796951
Qualified in Richmond County
Certificate Filed in New York County
Commission Expires March 30, 20__

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

- - - - - - - - - - - - - - - - - - - - - - - - -x

CAROL ADELBERG, *et ux.*, ARTHUR
ADELBERG and ANTONIO AMENDOEIRA, *et
ux.*, MARIA AMENDOEIRA,

         Plaintiffs,

-against-

PFIZER, INC., PHARMACIA CORPORATION,
a wholly-owned subsidiary of PFIZER, INC., and
PHARMACIA & UPJOHN COMPANY, a
wholly-owned subsidiary of PHARMACIA
CORPORATION, and MERCK & CO, INC.,

         Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - -x

No.: 05-006682

**NOTICE TO TAKE DEPOSITION**

CH4 01585/07

**PLEASE TAKE NOTICE** that, pursuant to Article 31 of the Civil Practice Law

and Rules, the deposition upon oral examination of Plaintiff Carol Adelberg will be taken before

a notary public on the 11th day of July, 2005, at 10 o'clock in the morning of that day at the

offices of Hughes Hubbard & Reed LLP, One Battery Park Plaza, New York, New York, 10004,

attorneys for Defendant, Merck & Co., Inc., with respect to all matters relevant to the subject

matter involved in this action.  The examination will proceed as required until completed.

    Said party to be examined is required to produce at such examination all

documents identified in the First Set of Request for Production of Documents to Plaintiff

Propounded By Merck & Co., Inc. and Demand for Statements, which are in her possession,

custody or control and were not previously produced.

**FILED**

This document has
NOT been
E-Filed

MAR 2 6 2007

NEW YORK
COUNTY CLERK'S OFFICE

NY 950643_1.DOC

Dated: New York, New York
     June 13, 2005

                        HUGHES HUBBARD & REED LLP

                        By: _____
                             Vilia B. Hayes
                        Attorneys for Defendant
                        Merck & Co., Inc.
                        One Battery Park Plaza
                        New York, New York  10004
                        (212) 837-6000

TO:    Ronald R. Benjamin
       Law Office of Ronald R. Benjamin
       126 Riverside Drive
       P.O. Box 607
       Binghamton, NY  13902-0607

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

- - - - - - - - - - - - - - - - - - - - - - - -x
                                              :
                                              :
CAROL ADELBERG, *et ux.*, ARTHUR              :
ADELBERG and ANTONIO AMENDOEIRA, *et*         :
*ux.*, MARIA AMENDOEIRA,                      :
                                              :    **No.: 05-006682**
                            Plaintiffs,       :
                                              :    **NOTICE TO TAKE DEPOSITION**
-against-                                     :
                                              :
PFIZER, INC., PHARMACIA CORPORATION,          :
a wholly-owned subsidiary of PFIZER, INC., and :
PHARMACIA & UPJOHN COMPANY, a                 :
wholly-owned subsidiary of PHARMACIA          :
CORPORATION, and MERCK & CO, INC.,            :
                                              :
                            Defendants.       :
- - - - - - - - - - - - - - - - - - - - - - - -x

     **PLEASE TAKE NOTICE** that, pursuant to Article 31 of the Civil Practice Law

and Rules, the deposition upon oral examination of Plaintiff Arthur Adelberg will be taken

before a notary public on the 12th day of July, 2005, at 10 o'clock in the morning of that day at

the offices of Hughes Hubbard & Reed LLP, One Battery Park Plaza, New York, New York,

10004, attorneys for Defendant, Merck & Co., Inc., with respect to all matters relevant to the

subject matter involved in this action. The examination will proceed as required until completed.

     Said party to be examined is required to produce at such examination all

documents identified in the First Set of Request for Production of Documents to Plaintiff

Propounded By Merck & Co., Inc. and Demand for Statements, which are in her possession,

custody or control and were not previously produced.

Dated: New York, New York
     June _13_, 2005

                                  HUGHES HUBBARD & REED LLP


                                  By: _Vilia B. Hayes_
                                    Vilia B. Hayes
                                Attorneys for Defendant
                                Merck & Co., Inc.
                                One Battery Park Plaza
                                New York, New York  10004
                                (212) 837-6000


TO:    Ronald R. Benjamin
       Law Office of Ronald R. Benjamin
       126 Riverside Drive
       P.O. Box 607
       Binghamton, NY  13902-0607

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

- - - - - - - - - - - - - - - - - - - - - - - - - x

CAROL ADELBERG, *et ux.*, ARTHUR
ADELBERG and ANTONIO AMENDOEIRA, *et
ux.*, MARIA AMENDOEIRA,

                        Plaintiffs,

-against-

PFIZER, INC., PHARMACIA CORPORATION,
a wholly-owned subsidiary of PFIZER, INC., and
PHARMACIA & UPJOHN COMPANY, a
wholly-owned subsidiary of PHARMACIA
CORPORATION, and MERCK & CO, INC.,

                        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - x

**No.: 05-006682**

**NOTICE TO TAKE DEPOSITION**

       **PLEASE TAKE NOTICE** that, pursuant to Article 31 of the Civil Practice Law

and Rules, the deposition upon oral examination of Plaintiff Antonio Amendoeira will be taken

before a notary public on the 13th day of July, 2005, at 10 o'clock in the morning of that day at

the offices of Hughes Hubbard & Reed LLP, One Battery Park Plaza, New York, New York,

10004, attorneys for Defendant, Merck & Co., Inc., with respect to all matters relevant to the

subject matter involved in this action.  The examination will proceed as required until completed.

       Said party to be examined is required to produce at such examination all

documents identified in the First Set of Request for Production of Documents to Plaintiff

Propounded By Merck & Co., Inc. and Demand for Statements, which are in her possession,

custody or control and were not previously produced.

Dated: New York, New York
June _13_, 2005

HUGHES HUBBARD & REED LLP


By: _Vilia B. Hayes_
     Vilia B. Hayes
Attorneys for Defendant
Merck & Co., Inc.
One Battery Park Plaza
New York, New York  10004
(212) 837-6000


TO:     Ronald R. Benjamin
        Law Office of Ronald R. Benjamin
        126 Riverside Drive
        P.O. Box 607
        Binghamton, NY  13902-0607

NY 950643_1.DOC

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

- - - - - - - - - - - - - - - - - - -x
                                      :
CAROL ADELBERG, *et ux.*, ARTHUR      :
ADELBERG and ANTONIO AMENDOEIRA, *et* :
*ux.*, MARIA AMENDOEIRA,              :
                                      :
                          Plaintiffs, :    **No.: 05-006682**
                                      :
-against-                             :    **NOTICE TO TAKE DEPOSITION**
                                      :
PFIZER, INC., PHARMACIA CORPORATION,  :
a wholly-owned subsidiary of PFIZER, INC., and :
PHARMACIA & UPJOHN COMPANY, a         :
wholly-owned subsidiary of PHARMACIA  :
CORPORATION, and MERCK & CO, INC.,    :
                                      :
                          Defendants. :
- - - - - - - - - - - - - - - - - - -x

     **PLEASE TAKE NOTICE** that, pursuant to Article 31 of the Civil Practice Law

and Rules, the deposition upon oral examination of Plaintiff Maria Amendoeira will be taken

before a notary public on the 14th day of July, 2005, at 10 o'clock in the morning of that day at

the offices of Hughes Hubbard & Reed LLP, One Battery Park Plaza, New York, New York,

10004, attorneys for Defendant, Merck & Co., Inc., with respect to all matters relevant to the

subject matter involved in this action.  The examination will proceed as required until completed.

     Said party to be examined is required to produce at such examination all

documents identified in the First Set of Request for Production of Documents to Plaintiff

Propounded By Merck & Co., Inc. and Demand for Statements, which are in her possession,

custody or control and were not previously produced.

NY 950643_1.DOC

Dated: New York, New York
     June *13*, 2005

HUGHES HUBBARD & REED LLP

By: *Vilia B. Hayes*
    Vilia B. Hayes
Attorneys for Defendant
Merck & Co., Inc.
One Battery Park Plaza
New York, New York 10004
(212) 837-6000

TO:    Ronald R. Benjamin
       Law Office of Ronald R. Benjamin
       126 Riverside Drive
       P.O. Box 607
       Binghamton, NY 13902-0607

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

- - - - - - - - - - - - - - - - - - - - - - - x
                          :

CAROL ADELBERG, *et ux.* ARTHUR
ADELBERG and ANTONIO AMENDOEIRA, *et
ux.* MARIA AMENDOEIRA,

                      Plaintiffs,

-against-

PFIZER, INC., PHARMACIA CORPORATION,
a wholly-owned subsidiary of PFIZER, INC., and
PHARMACIA & UPJOHN COMPANY, a
wholly-owned subsidiary of PHARMACIA
CORPORATION, and MERCK & CO, INC.,

                      Defendants.

- - - - - - - - - - - - - - - - - - - - - - - x

No.: 05-006682

## FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFFS CAROL ADELBERG, ARTHUR ADELBERG, ANTONIO AMENDOEIRA, AND MARIA AMENDOEIRA PROPOUNDED BY DEFENDANT MERCK & CO., INC.

Defendant Merck & Co., Inc. ("Merck") propounds the following requests to
plaintiffs Carol Adelberg, Arthur Adelberg, Antonio Amendoeira, and Maria Amendoeira
pursuant to Sections 3102 and 3120 of the Civil Practice Law and Rules. Each plaintiff is
requested to respond separately and in writing on his or her behalf within twenty (20) days and to
make responsive documents and things available for inspection and copying within a reasonable
time thereafter to be agreed by the parties.

NY 949750_1.DOC

## DEFINITIONS

The definitions set forth in the First Set of Interrogatories to Plaintiff propounded by Merck filed in conjunction with this request shall apply, and those definitions are specifically incorporated by reference herein. In addition, the term "medical records" shall mean all physicians' files, notes, charts and records; hospital or clinical charts, records, notations, and memoranda; any reports of diagnosis, prognosis or causation; notes, memoranda or charts of medical personnel; x-rays; pharmacy records and prescriptions.

As used throughout, "written communication" or "document" means all written or graphic matter, however produced, or reproduced, of every kind and description in the actual or constructive possession, custody or control of plaintiff or plaintiff's counsel, including without limitation all writings, drawings, graphs, charts, photographs, sound tapes or recordings, announcements, bulletins, press releases, papers, books, accounts, letters, microfilm, magnetic tape, magnetic disks, magnetic strips, optical character recognition characters, punched paper tapes, microfiche, punched cards, telegrams, voices, statements, account recommendations, notes, minutes, inter-office memoranda, reports, studies, contracts, ledgers, books of account, vouchers, hotel charges, cost sheets, stenographer notebooks, calendars, appointment books, diaries, time sheets or logs, computer printouts, computer files, data compilations from which information can be obtained or can be translated through detection devices into reasonably usable form, or any other tangible things that constitute or contain matter within the scope of Rule 34 of the Federal Rules of Civil Procedure. The term "document" shall also include:

1. A copy of the original document when the original document is not in the possession, custody or control of plaintiff, plaintiff's counsel or other agent; and

2.  Every copy of a document (a) where such copy is not an identical duplicate of the original, or (b) where such copy contains notations not contained on the original or other copies.

In the event that any document within the scope of this Document Request is withheld from production upon a claim of privilege, you are requested to serve upon Merck's counsel, on the date fixed for inspection and copying of the documents requested herein a written identification of each document withheld from production, setting forth as to each such document:

> (a)   the nature of the privilege claimed;
>
> (b)   the date of the document;
>
> (c)   the type of document (i.e. whether it is a letter, memorandum, etc.);
>
> (d)   the subject matter of the document;
>
> (e)   the name and last known business address of each person who made, prepared or signed the document;
>
> (f)   the name and last known business address of each person to whom the document was addressed and each person to whom a copy was sent;
>
> (g)   the name and last known business address of any person who at any time had custody, possession or control of the original or a copy of the document, and the name of, address of, and his or her position with the business entity by which he or she was then employed; and
>
> (h) the present location of the document.

## REQUESTS FOR PRODUCTION

REQUEST FOR PRODUCTION NO. 1:

All documents in your possession upon which you relied in responding to Merck's First Set of Interrogatories. (In your response to be filed to this request, please list the interrogatory numbers and subparts.)

REQUEST FOR PRODUCTION NO. 2:

All VIOXX® tablets or capsules in your possession, custody or control.

REQUEST FOR PRODUCTION NO. 3:

All containers in which VIOXX® was delivered to or received by you.

REQUEST FOR PRODUCTION NO. 4:

Each and every document that evidences any communication between you and any doctor, any employer, any defendant, any federal or state agency, or any other person (other than your attorney) regarding the incident made the basis of this suit or your claims in this lawsuit.

REQUEST FOR PRODUCTION NO. 5:

All personal diaries, calendars, journals, logs, or similar materials you kept relating to your mental or physical condition at any time, including your physical and mental conditions before, during and after ingestion of VIOXX®.

REQUEST FOR PRODUCTION NO. 6:

All photographs, drawings, slides, movies, home videos, edited and unedited, taken by anyone, in your possession, the possession of your attorney or experts, or any other person acting on your behalf, relating to the allegations that form the basis of this lawsuit or any other facts relating to any of the claims in this case.

REQUEST FOR PRODUCTION NO. 7:

Each and every document, including but not limited to product literature, package inserts or labeling, magazine or newspaper articles or advertisements, brochures, e-mails, material from internet sites, videotapes (including videotapes of news or other television programs), or audiotapes (including tapes of news or other radio or television programs), that mentions, refers to or relates to VIOXX® and that was made available to you or reviewed by you prior to ingesting VIOXX®.

REQUEST FOR PRODUCTION NO. 8:

All employment records of plaintiff, including employment applications, performance evaluations, paychecks, and paycheck stubs for each of the last ten (10) years. (In lieu of these documents, you may execute the attached authorization for said records.)

REQUEST FOR PRODUCTION NO. 9:

Each and every document that establishes any lost wages, lost income, lost commission and/or loss of wage earning capacity that you contend you suffered as a result of the ingestion of VIOXX®.

NY 949750_1.DOC

REQUEST FOR PRODUCTION NO. 10:

Your complete federal and state income tax returns and all schedules attached thereto (whether single or joint) for the last seven (7) years.

REQUEST FOR PRODUCTION NO. 11:

Each and every application you have made for health insurance, social security benefits, disability benefits, unemployment benefits, Medicaid, or any other form of benefits.

REQUEST FOR PRODUCTION NO. 12:

Any videotape or sound recordings that have been broadcast on television or radio, or any newspaper, magazine or other published document wherein you or anyone speaking on your behalf (for example, a member of your family or a doctor who has treated you) has discussed VIOXX® or any aspect of your claims in this lawsuit.

REQUEST FOR PRODUCTION NO. 13:

Each and every document upon which you rely for your assertion that VIOXX® is defective and/or unreasonably dangerous.

REQUEST FOR PRODUCTION NO. 14:

Each and every document upon which you rely for your assertion that VIOXX® is defective due to inadequate warnings.

NY 949750_1.DOC

**REQUEST FOR PRODUCTION NO. 15:**

Each and every document upon which you rely for your assertion that the defendant was negligent in the manufacture, investigation, testing, and/or sale of VIOXX® or any component thereof.

**REQUEST FOR PRODUCTION NO. 16:**

Each and every document containing express representations made by Merck for which you contend that VIOXX® does not conform.

**REQUEST FOR PRODUCTION NO. 17:**

Each and every document you contend contains a material misrepresentation upon which you relied when purchasing VIOXX®.

**REQUEST FOR PRODUCTION NO. 18:**

Each and every document upon which you rely to support any allegation that the defendant breached an express or implied warranty with regard to VIOXX®.

**REQUEST FOR PRODUCTION NO. 19:**

Each and every document that you contend constitutes a warranty made by Merck or any VIOXX® supplier, distributor, component or material supplier, physician, medical practitioner, or any other person regarding VIOXX®.

REQUEST FOR PRODUCTION NO. 20:

        Each and every document upon which you rely to support any allegation that Merck failed to warn of the alleged risks and side effects of VIOXX®.

REQUEST FOR PRODUCTION NO. 21:

        Any and all published treatises, articles, periodicals, or pamphlets upon which you or your expert witnesses will rely at the trial of this lawsuit or to support any opinions of the expert witnesses.

REQUEST FOR PRODUCTION NO. 22:

        All scientific or medical literature in your possession or control that relates to the effect(s) VIOXX® may have on test animals or human beings.

REQUEST FOR PRODUCTION NO. 23:

        The curriculum vitae of all persons whom you have identified as expert witnesses or medical witnesses.

REQUEST FOR PRODUCTION NO. 24:

        Copies of all medical, chiropractic, and/or mental health records that relate to or reflect any medical, chiropractic and/or mental health care, condition or treatment for any of the conditions, injuries, or other damages that you allege in this action. (In lieu of these documents, you may execute the attached authorization for said records.)

**REQUEST FOR PRODUCTION NO. 25:**

Copies of all medical, pharmacy, chiropractic, and/or mental health records that relate to any medical, chiropractic and/or mental health condition for which you received treatment after January 1, 1995. (In lieu of these documents, you may execute the attached authorization for said records.)

**REQUEST FOR PRODUCTION NO. 26:**

All documents containing the partial or complete, preliminary or final opinions or conclusions of any expert upon whom you intend to rely at trial.

**REQUEST FOR PRODUCTION NO. 27:**

All documents evidencing your alleged damages, including doctor and hospital statements, prescriptions or drug invoices, statements for nursing services or other employed help, and canceled checks or other records of payment therefor.

**REQUEST FOR PRODUCTION NO. 28:**

All prescriptions, invoices, statements or other documents relating to the use of any drug by you since January 1, 1995, including but not limited to VIOXX®. This request includes, but is not limited to, documents which evidence any of the following:

(a)     Who prescribed VIOXX®;

(b)     When the prescription was filled;

(c)     The illness, injury or condition for which the prescription was given;

(d)     The number of refills allowed and made; or

(e)     The dosage prescribed.

REQUEST FOR PRODUCTION NO. 29:

        All insurance records dated on or after January 1, 1995, including but not limited to any claims or applications for benefits, any determination regarding such claims, and any records evidencing payment of such claims.

REQUEST FOR PRODUCTION NO. 30:

        All documents or reports provided to or reviewed by any witness expected to be called at trial about the incident made the basis of this lawsuit, including but not limited to factual observations, tests, supporting data, calculations, photographs, and opinions prepared in connection with this lawsuit by or for any expert witness.

REQUEST FOR PRODUCTION NO. 31:

        All documents relating to VIOXX® in your possession that were generated, published or disseminated by or obtained from Merck, or that originated at Merck.

REQUEST FOR PRODUCTION NO. 32:

        All documents in your possession relating to VIOXX® that were published or distributed by or obtained from the Food and Drug Administration ("FDA") or that originated at the FDA.

REQUEST FOR PRODUCTION NO. 33:

        All documents in your possession relating to VIOXX® obtained pursuant to a Freedom of Information Act request.

**REQUEST FOR PRODUCTION NO. 34:**

All documents constituting, evidencing or relating to any claim, lawsuit and/or other legal proceeding brought by you or on your behalf.

**REQUEST FOR PRODUCTION NO. 35:**

All statements, written or otherwise recorded, of persons who have knowledge or claim to have knowledge related to this case.

**REQUEST FOR PRODUCTION NO 36:**

Any documents that support or relate to any fact or allegation in your Complaint not previously requested in these production requests.

**REQUEST FOR PRODUCTION NO. 37:**

Each and every document, including pleadings, answers to interrogatories, deposition transcripts, releases, and covenants not to sue, relating to any action filed by you in any court in which you sought damages for personal and/or economic injuries at any time.

**REQUEST FOR PRODUCTION NO. 38:**

All transcripts of testimony by or statements of agents, servants, or employees of Merck or anyone you claim was acting on behalf of Merck that discuss, mention or relate to VIOXX®.

**REQUEST FOR PRODUCTION NO. 39:**

All transcripts of testimony by or statements (including expert reports) of any of Merck's experts identified in this litigation.

REQUEST FOR PRODUCTION NO. 40:

Each and every document upon which you rely to support your claim for exemplary damages against Merck.

REQUEST FOR PRODUCTION NO. 41:

Attached to these requests are authorizations for the release of all employment, medical, pharmacy and education records. Please make copies of the attached authorizations as necessary so that all employers, healthcare providers, pharmacies and educational institutions since January 1, 1995, are identified and complete the authorizations with the name and address of each employer, healthcare provider, pharmacy and/or educational institution and any other identifying information set forth on the form and return each with your notarized signature along with your written responses to these requests.

Dated: New York, New York
       June *13*, 2005

                                        HUGHES HUBBARD & REED LLP


                                        By: *Vilia B Hayes*
                                        Vilia B. Hayes
                                        Attorneys for Defendant
                                        Merck & Co., Inc.
                                        One Battery Park Plaza
                                        New York, New York  10004
                                        (212) 837-6000


TO:  Ronald R. Benjamin
     Law Office of Ronald R. Benjamin
     126 Riverside Drive
     P.O. Box 607
     Binghamton, NY  13902-0607


NY 949750_1.DOC

## AUTHORIZATION FOR RELEASE OF MEDICAL RECORDS PURSUANT TO
## 45 C.F.R. § 164.508 (HIPAA)

Name: _____

Date of Birth:_____

Social Security Number:_____

I hereby authorize        _____

_____

_____

_____

to release all existing medical records and information regarding the above-named person's medical care, treatment, physical condition, and/or medical expenses revealed by observation or treatment past, present and future to the law firm of **HUGHES HUBBARD & REED LLP, One Battery Park Plaza, New York, New York 10004 and/or its designated agent.** These records shall be used solely in connection with the currently pending litigation involving the person named above. This authorization shall cease to be effective as of the date on which that litigation concludes.

I understand that the health information being used/disclosed may include information relating to the diagnosis and treatment of Human Immunodeficiency Virus (HIV), Acquired Immune Deficiency Syndrome (AIDS), sexually transmitted disease and drug and alcohol disorders.

This authorization also may include x-ray reports, CT scan reports, MRI scans, EEGs, EKGs, sonograms, arteriograms, fetal monitor strips, discharge summaries, photographs, surgery consent forms, informed consent forms regarding family planning, admission and discharge records, operation records, doctor and nurses notes (excluding psychotherapy notes maintained separately from the individual's medical record that document or analyze the contents of conversation during a private counseling session or a group, joint, or family counseling session by referring to something other than medication prescription and monitoring, counseling session start and stop times, the modalities and frequencies of treatment furnished, results of clinical tests, and any summary of the following items: diagnosis, functional status, the treatment plan, symptoms, prognosis and progress), prescriptions, medical bills, invoices, histories, diagnoses, narratives, and any correspondence/memoranda and billing information. It also includes, to the extent such records currently exist and are in your possession, insurance records, including Medicare/Medicaid and other public assistance claims, applications, statements, eligibility material, claims or claim disputes, resolutions and payments, medical records provided as evidence of services provided, and any other documents or things pertaining to services

furnished under Title XVII of the Social Security Act or other forms of public assistance (federal, state, local, etc.). This listing is not meant to be exclusive.

I understand that I have the right to revoke in writing my consent to this disclosure at any time, except to the extent that the above-named facility or provider already has taken action in reliance upon this authorization, or if this authorization was obtained as a condition of obtaining insurance coverage. I further understand that the above-named facility or provider cannot condition the provision of treatment, payment, enrollment in a health plan or eligibility for benefits on my provision of this authorization. I further understand that information disclosed pursuant to this authorization may be subject to redisclosure by the recipient to its clients, agents, employees, consultants, experts, the court, and others deemed necessary by the recipient to assist in this litigation.

Any photostatic copy of this document shall have the same authority as the original, and may be substituted in its place. Copies of these materials are to be provided at the expense of Hughes Hubbard & Reed LLP.

Dated this ____ day of June, 2005

_____

If a representative, please describe your relationship to the plaintiff and your authority to act on his/her behalf:

_____

_____

_____

_____

_____

## AUTHORIZATION FOR RELEASE OF PSYCHOLOGICAL/PSYCHIATRIC RECORDS PURSUANT TO 45 C.F.R. § 164.508 (HIPAA)

Name: _____

Date of Birth: _____

Social Security Number: _____

I hereby authorize        _____

                          _____

                          _____

                          _____

to release all existing records and information regarding the above-named person's psychological or psychiatric care, treatment, condition, and/or expenses revealed by observation or treatment past, present and future to the law firm of **HUGHES HUBBARD & REED LLP, One Battery Park Plaza, New York, New York 10004 and/or its designated agent.** These records shall be used solely in connection with the currently pending litigation involving the person named above. This authorization shall cease to be effective as of the date on which that litigation concludes.

I understand that this authorization includes information regarding the diagnosis and treatment of psychiatric and psychological disorders, and that the health information being used/disclosed may include information relating to the diagnosis and treatment of Human Immunodeficiency Virus (HIV), Acquired Immune Deficiency Syndrome (AIDS), sexually transmitted disease and drug and alcohol disorders.

This authorization also may include x-ray reports, CT scan reports, MRI scans, EEGs, EKGs, sonograms, arteriograms, fetal monitor strips, discharge summaries, photographs, surgery consent forms, informed consent forms regarding family planning, admission and discharge records, operation records, doctor and nurses notes (excluding psychotherapy notes maintained separately from the individual's medical record that document or analyze the contents of conversation during a private counseling session or a group, joint, or family counseling session by referring to something other than medication prescription and monitoring, counseling session start and stop times, the modalities and frequencies of treatment furnished, results of clinical tests, and any summary of the following items: diagnosis, functional status, the treatment plan, symptoms, prognosis and progress), prescriptions, medical bills, invoices, histories, diagnoses, psychiatric treatment and counseling records, psychological treatment and counseling records, narratives, and any correspondence/memoranda and billing information. It also includes, to the extent such records currently exist and are in your possession, insurance records, including

Medicare/Medicaid and other public assistance claims, applications, statements, eligibility material, claims or claim disputes, resolutions and payments, medical records provided as evidence of services provided, and any other documents or things pertaining to services furnished under Title XVII of the Social Security Act or other forms of public assistance (federal, state, local, etc.). This listing is not meant to be exclusive.

I understand that I have the right to revoke in writing my consent to this disclosure at any time, except to the extent that the above-named facility or provider already has taken action in reliance upon this authorization, or if this authorization was obtained as a condition of obtaining insurance coverage. I further understand that the above-named facility or provider cannot condition the provision of treatment, payment, enrollment in a health plan or eligibility for benefits on my provision of this authorization. I further understand that information disclosed pursuant to this authorization may be subject to redisclosure by the recipient to its clients, agents, employees, consultants, experts, the court, and others deemed necessary by the recipient to assist in this litigation.

Any photostatic copy of this document shall have the same authority as the original, and may be substituted in its place. Copies of these materials are to be provided at the expense of Hughes Hubbard & Reed LLP.

Dated this ___ day of June, 2005

_____

If a representative, please describe your relationship to the plaintiff and your authority to act on his/her behalf:

_____

_____

_____

_____

_____

## AUTHORIZATION FOR RELEASE OF PSYCHOTHERAPY NOTES PURSUANT TO
## 45 C.F.R. § 164.508 (HIPAA)

Name: _____

Date of Birth:_____

Social Security Number:_____

I hereby authorize    _____

_____

_____

to release all existing psychotherapy notes regarding the above-named person's medical care, treatment, physical/mental condition, and/or medical expenses revealed by observation or treatment past, present and future to the law firm of **HUGHES HUBBARD & REED LLP, One Battery Park Plaza, New York, New York 10004 and/or its designated agent.** These records shall be used solely in connection with the currently pending litigation involving the person named above. This authorization shall cease to be effective as of the date on which that litigation concludes.

I understand that this authorization includes all psychotherapy notes maintained separately from the above-named person's medical record that document or analyze the contents of conversation during a private counseling session or a group, joint, or family counseling session by referring to something other than medication prescription and monitoring, counseling session start and stop times, the modalities and frequencies of treatment furnished, results of clinical tests, and any summary of the following items: diagnosis, functional status, the treatment plan, symptoms, prognosis and progress.

I understand that the health information being disclosed by these psychotherapy notes may include information relating to the diagnosis and treatment of Human Immunodeficiency Virus (HIV), Acquired Immune Deficiency Syndrome (AIDS), sexually transmitted disease and drug and alcohol disorders.

I understand that I have the right to revoke in writing my consent to this disclosure at any time, except to the extent that the above-named facility or provider already has taken action in reliance upon this authorization, or if this authorization was obtained as a condition of obtaining insurance coverage. I further understand that the above-named facility or provider cannot condition the provision of treatment, payment, enrollment in a health plan or eligibility for benefits on my provision of this authorization. I further understand that information disclosed pursuant to this authorization may be subject to redisclosure by the recipient to its clients, agents,

NY 949750_1.DOC

employees, consultants, experts, the court, and others deemed necessary by the recipient to assist in this litigation.

Any photostatic copy of this document shall have the same authority as the original, and may be substituted in its place. Copies of these materials are to be provided at the expense of Hughes Hubbard & Reed LLP.

Dated this ____ day of June, 2005

_____

If a representative, please describe your relationship to the plaintiff and your authority to act on his/her behalf:

_____

_____

_____

_____

_____

NY 949750_1 DOC

# AUTHORIZATION FOR RELEASE OF RECORDS

Name: _____

Date of Birth: _____

Social Security Number: _____

I hereby authorize    _____

                                _____

                                _____

                                _____

to release all existing records and information in its possession regarding the above-named person's employment, income and education to the law firm of **HUGHES HUBBARD & REED LLP, One Battery Park Plaza, New York, New York 10004 and/or its designated agent.** These records shall be used solely in connection with the currently pending litigation involving the person named above. This authorization shall cease to be effective as of the date on which that litigation concludes.

       I understand that this authorization includes the above-named person's complete employment personnel file (including attendance reports, performance reports, W-4 forms, W-2 forms, medical reports, workers' compensation claims), and also includes all other records relating to employment, past and present, all records related to claims for disability, and all educational records (including those relating to courses taken, degrees obtained, and attendance records). This listing is not meant to be exclusive.

       Any photostatic copy of this document shall have the same authority as the original, and may be substituted in its place. Copies of these materials are to be provided at the expense of Hughes Hubbard & Reed LLP.

                  Dated this ____ day of June, 2005

                  _____

## AUTHORIZATION FOR RELEASE OF RECORDS

Name: _____

Date of Birth:_____

Social Security Number:_____

I hereby authorize    _____

_____

_____

_____

to release all existing records and information in its possession regarding the above-named person's employment and education (with the exception of W-4 and W-2 forms) to the law firm of **HUGHES HUBBARD & REED LLP, One Battery Park Plaza, New York, New York 10004 and/or its designated agent.** These records shall be used solely in connection with the currently pending litigation involving the person named above. This authorization shall cease to be effective as of the date on which that litigation concludes.

I understand that this authorization includes the above-named person's complete employment personnel file with the exception of W-4 and W-2 forms (including attendance reports, performance reports, medical reports, workers' compensation claims), and also includes all other records relating to employment, past and present, all records related to claims for disability, and all educational records (including those relating to courses taken, degrees obtained, and attendance records). This listing is not meant to be exclusive.

Any photostatic copy of this document shall have the same authority as the original, and may be substituted in its place. Copies of these materials are to be provided at the expense of Hughes Hubbard & Reed LLP.

Dated this ____ day of June, 2005

_____

NY 949750_1.DOC

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
- - - - - - - - - - - - - - - - - - - - - - - x
                               :

CAROL ADELBERG, *et ux.*, ARTHUR      :
ADELBERG and ANTONIO AMENDOEIRA, *et* :
*ux.*, MARIA AMENDOEIRA,               :

                            :   No.: 05-006682

                      Plaintiffs,   :

                            :

-against-                      :   **DEMAND FOR NAMES AND**
                            :   **ADDRESSES OF WITNESSES**

PFIZER, INC., PHARMACIA CORPORATION, :
a wholly-owned subsidiary of PFIZER, INC., and :
PHARMACIA & UPJOHN COMPANY, a    :
wholly-owned subsidiary of PHARMACIA  :
CORPORATION, and MERCK & CO, INC.,   :

                            :

                    Defendants.  :
- - - - - - - - - - - - - - - - - - - - - - - x

      **PLEASE TAKE NOTICE** that pursuant to Section 3101 of the Civil Practice

Law and Rules, defendant Merck & Co., Inc. ("Merck") demands that you provide the names

and addresses of all persons known to your client or to you, as attorney for your client, with

respect to the following:

      1.  Any witnesses to the events complained of in the Complaint.

      2.  Witnesses having knowledge of any alleged:

            a.  Wrongful act, error or omission allegedly committed or omitted
               by:

                 i.  the plaintiff, Merck, or any employee or agent of Merck; and

               ii.  any person or party not a defendant in this action.

      3.  Any persons having knowledge with respect to any conversations,

communications or writings with respect to the circumstances or events

referred to in the Complaint.

NY 949757_1.DOC

4.  Any persons having knowledge with respect to any item of special or general damages asserted by plaintiff in this action or with respect to any setoff or counterclaim by defendant.

5.  Any persons who have knowledge or are otherwise able to support the allegations in plaintiff's Complaint.

**PLEASE TAKE FURTHER NOTICE**, that the foregoing is a continuing demand that you furnish responses to any of the items demanded herein for which information is obtained after service of your responses hereto, within twenty (20) days of receipt of said additional information; but, in any event, no later than forty-five (45) days before the time of trial. Defendant will object at the time of trial to the testimony of any witness or the introduction of any evidence not supplied in accordance with this demand.

If you are unaware of any witnesses at this time, please provide a sworn statement to that effect.

Dated: New York, New York
June 13, 2005

HUGHES HUBBARD & REED LLP

By: *Vilia B. Hayes*
Vilia B. Hayes
Attorneys for Defendant
Merck & Co., Inc.
One Battery Park Plaza
New York, New York  10004
(212) 837-6000

TO:  Ronald R. Benjamin
Law Office of Ronald R. Benjamin
126 Riverside Drive
P.O. Box 607
Binghamton, NY  13902-0607

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
- - - - - - - - - - - - - - - - - - - - - - - - -x

CAROL ADELBERG, *et ux.*, ARTHUR
ADELBERG and ANTONIO AMENDOEIRA, *et
ux.*, MARIA AMENDOEIRA,

No.: 05-006682

                                    Plaintiffs,

-against-

**DEMAND FOR
EXPERT DISCLOSURE**

PFIZER, INC., PHARMACIA CORPORATION,
a wholly-owned subsidiary of PFIZER, INC., and
PHARMACIA & UPJOHN COMPANY, a
wholly-owned subsidiary of PHARMACIA
CORPORATION, and MERCK & CO, INC.,

                                    Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - -x

        **PLEASE TAKE NOTICE**, that pursuant to Section 3101(d) of the Civil Practice

Law and Rules, defendant Merck & Co., Inc. ("Merck") demands that you provide to the

undersigned the following information:

        In responding to this demand for expert disclosure, the following definitions, rules

of construction and instructions are to be applied:

### DEFINITIONS, RULES OF CONSTRUCTION AND INSTRUCTIONS

        1.     The term "document" means any writing or other non-verbal information

storage of any nature whatsoever including but not limited to memoranda, correspondence,

articles, notes, publications, manuscripts, drawings, graphs, charts, photographs, magnetic tapes

and other data compilations from which information can be obtained.  The term expressly

includes all such material in whatever form it is maintained including electronic medium.

        2.     "Concerning" means referring to, relating to, describing, evidencing or

constituting.

NY 949757_1.DOC

3.     "Identify," with respect to documents, means to state the type of document, the general subject matter of the document, the date of the document, the authors, the addresses and recipients.

4.     "Identify," with respect to persons, means to state the person's full name, present address, and present or last known place of employment.

5.     Use of the singular form of any word includes the plural and vice versa.

6.     The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the demand all responses that might otherwise be construed to be outside of its scope.

7.     You are required to set forth separately all of the information called for as to each witness plaintiff intends to call as an expert on the trial of this action.

8.     The terms "all" and "each" shall be construed as all and each.

## DEMAND FOR EXPERT DISCLOSURE

1.     State the name and address of each person expected to be called as an expert witness on behalf of the plaintiff at the trial of this action.

2.     As to each person identified in response to Item 1 above, set forth each degree held by that individual, including in your answer the date the degree was awarded and the institution granting the degree.

3.     Set forth as to each person identified in Item 1 above, each and every publication authored, in whole or in part, by that individual.

4.     With respect to each individual identified in response to Item 1 above, identify each institution with which the individual has been associated in any capacity during the past twenty (20) years.  If the witness is a medical doctor, identify each hospital or other medical facility at which the individual has privileges or holds any position.

NY 949757_1.DOC

5.      Identify, with respect to each individual set forth in response to Item 1 above, any professional committee(s) upon which the witness has served during the past twenty (20) years, including in your answer the organizations or entities sponsoring the committee upon which the individual served.

6.      Set forth in detail, as to each individual identified in response to Item 1 above, those qualifications not set forth in response to Items 2-5 which, in the view of plaintiff, make the individual qualified to appear as an expert witness in this action.

7.      Set forth, separately as to each expert expected to testify on the trial of this action, the subject matter on which he or she is expected to testify.  You are required to state in reasonable detail the specifics of the subject matter including an itemization of the specific area of scientific endeavor about which the expert will testify.

8.      Identify each and every document reviewed by each expert in connection with this litigation including but not limited to an itemization of documents provided by counsel, scientific or medical literature researched and/or reviewed by the witness, government or regulatory materials, litigation related documents and all other materials reviewed by the witness in association with preparing his or her opinions in this action.

9.      Identify with specificity and particularity each and every document upon which each expert witness will rely in forming expert opinions in this action.

10.     Set forth in detail the substance of the facts upon which each expert witness is expected to testify on the trial of this action including in your answer the sources upon which the witness will rely to establish the facts to be stated.

NY 949757_1.DOC

11.     Set forth the substance of each opinion to which each expert is expected to testify on the trial of this action including in reasonable detail each subpart of every opinion, including but not limited to each and every opinion relating to liability or causal connection.

12.     Set forth in reasonable detail the grounds and basis for each opinion that each expert is expected to testify to on the trial of this action including the source of the grounds for each opinion and any literature or other documentation, which forms the grounds or basis for the specific opinion.

13.     Identify any written reports authored or approved by each expert with respect to the subject matter of this action.

14.     With respect to physicians or other medical providers, for each person that plaintiff expects to call to give expert testimony at the trial of this action, disclosure, in reasonable detail, of (in addition to all of the above) the following;

        a.     whether the expert is licensed in this state;

        b.     whether the expert is licensed to practice medicine in any other state;

        c.     whether the expert is certified in a specialty in this state or any other state and, if so, set forth the specialty(ies);

        d.     whether the expert has authored any medical book(s), treatise(s), article(s), publication(s) and/or written material(s) in the field of his/her expertise and, if so, set forth the name and date of said book(s), treatise(s), article(s), publication(s) and/or written material(s);

        e.     a description of every medical dental and/or hospital record, report, note and/or chart upon which the expert will rely;

        f.     a list of the name(s) and date(s) of all books, treatises, articles, publications and/or written materials upon which the expert will rely.

**PLEASE TAKE FURTHER NOTICE,** that upon your failure to comply with the terms of the within demand, objection will be interposed at the trial of the action to the testimony of any expert as to whom the demanded disclosure has not been made.

**PLEASE TAKE FURTHER NOTICE,** that this is a continuing demand; if plaintiff does not now expect to call expert witnesses at the trial of this action, plaintiff must supplement this demand a sufficient period of time before commencement of trial so that appropriate notice of each expert will be given.

Dated: New York, New York
     June *13*, 2005

                HUGHES HUBBARD & REED LLP

                By: *Vilia B. Hayes*
                    Vilia B. Hayes
                Attorneys for Defendant
                Merck & Co., Inc.
                One Battery Park Plaza
                New York, New York  10004
                (212) 837-6000

TO:  Ronald R. Benjamin
      Law Office of Ronald R. Benjamin
      126 Riverside Drive
      P.O. Box 607
      Binghamton, NY  13902-0607

NY 949757_1.DOC

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

- - - - - - - - - - - - - - - - - - - - - - x

CAROL ADELBERG, *et ux.*, ARTHUR
ADELBERG and ANTONIO AMENDOEIRA, *et
ux.*, MARIA AMENDOEIRA,

                     Plaintiffs,

-against-

PFIZER, INC., PHARMACIA CORPORATION,
a wholly-owned subsidiary of PFIZER, INC., and
PHARMACIA & UPJOHN COMPANY, a
wholly-owned subsidiary of PHARMACIA
CORPORATION, and MERCK & CO, INC.,

                     Defendants.

- - - - - - - - - - - - - - - - - - - - - - x

**No.: 05-006682**

**DEMAND FOR STATEMENTS**

      **PLEASE TAKE NOTICE** that pursuant to Sections 3101(e), 3102(a) & (b) and

3120 of the Civil Practice Law and Rules, defendant Merck & Co., Inc. ("Merck") demands that

you produce for inspection and copying, within twenty (20) days of service of this Demand, the

following documents and materials in the possession, custody or control of plaintiff.

## DEFINITIONS, RULES OF
## CONSTRUCTION AND INSTRUCTIONS

      In interpreting the demand for production herein, the following definitions, rules

of construction and instructions are to be applied:

      1.      The term "document" means any writing or other nonverbal information

storage of any nature whatsoever, including but not limited to memoranda, correspondence,

articles, notes, publications, manuscripts, drawings, graphs, charts, photographs, phone records,

magnetic tapes, compact disks, floppy disks and other data compilations from which information

can be obtained.  The term expressly includes all such materials in whatever form they are

maintained, including electronic media.  A draft or non-identical copy is a separate document within the meaning of the term.

2.       "Merck & Co., Inc." and "Merck" means any of the subsidiaries, divisions, departments, affiliates, predecessors, successors or offices of the defendant and by whatever name known, and all present and former officers, directors, employees, trustees, principals, agents, and representatives of Merck, as well as any person acting or purporting to act on its behalf.

3.       The term "communications" means all occasions on which information was conveyed from one person to another (a) by means of a document, or (b) verbally, including by means of a telephone or other mechanical or electronic device.

4.       The term "concerning" means relating to, referring to, describing, evidencing or constituting.

5.       "Plaintiff" or "you" or "your" or "yourself" means plaintiff, any of his or her agents, representatives or assigns, as well as any person acting or purporting to act on his or her behalf.

6.       The term "statement" includes every kind of utterance whether written or verbal, and whether or not, in the case of a verbal utterance, it has been reduced to writing.  In the case of an oral statement reduced to writing or otherwise recorded, whether electronically or otherwise, the term expressly includes each iteration of such statement, including but not limited to notes, recordings, drafts, data storage mechanisms and all other methods of recording such information in whatsoever form it shall take and whether the recording of the utterance was made by the person to whom the statement is attributed, the plaintiff, (as defined herein) or any third party.

7.    Use of the singular form of any word includes the plural and vice versa.

8.    The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the demand all responses that might otherwise be construed as outside its scope.

9.    Where a document is being withheld from production based upon a claim of privilege, the objection shall state all grounds.  In the event of such an objection you are required to identify the nature of the statutory or common law privilege (including work product), which is being claimed and the privilege rule being invoked.  In making the objection, the following information shall be provided:

a.    the type of document;

b.    the general subject matter of the document;

c.    the date of the document; and

d.    such other information as is sufficient to identify the document for a subpoena duces tecum, including the author of the document, the addressee(s) of the document and, where not apparent, the relationship of the author and the addressee(s) to each other.

## DEMAND FOR PRODUCTION

You are required to produce the following materials at the date and time stated:

1.    Each document in possession of plaintiff, authored or co-authored, in whole or in part, by Merck.

2.    Each document plaintiff will claim is probative of Merck having notice or knowledge of any fact.

3.    Each communication to or from Merck, if not produced in response to Item 1 above.

NY 949757_1 DOC

4.      Each document plaintiff will claim constitutes a prior inconsistent statement by Merck.

5.      Each document plaintiff will claim constitutes an admission by or binding upon Merck.

6.      Transcripts of any statements or testimony taken of Merck or its present or former officers or employees, in possession of plaintiff, whether or not the transcript was generated in connection with a litigated matter.

7.      Each document constituting or concerning a statement, interview, or other communication by any present or past employee of Merck, whether or not obtained in connection with this litigation, in whatsoever form it is maintained, to the extent such statement is not produced in response to a prior demand herein.

**PLEASE TAKE FURTHER NOTICE** that you are required to amend and/or supplement your response to this demand pursuant to and in accord with the terms of CPLR § 3101(h).

**PLEASE TAKE FURTHER NOTICE** that upon your failure to comply with the terms of the within demand, application will be made to the Court for such relief and sanctions as are authorized by the CPLR and applicable case law, including but not limited to preclusion of the plaintiff from using the demanded but not produced documents in any manner on the trial of the action, and the costs and attorneys fees associated with the motion.

Dated: New York, New York
     June _13_, 2005

                      HUGHES HUBBARD & REED LLP


                      By: _Vilia B Hayes_
                            Vilia B. Hayes
                      Attorneys for Defendant
                      Merck & Co., Inc.
                      One Battery Park Plaza
                      New York, New York  10004
                      (212) 837-6000

TO:  Ronald R. Benjamin
       Law Office of Ronald R. Benjamin
       126 Riverside Drive
       P.O. Box 607
       Binghamton, NY  13902-0607

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

- - - - - - - - - - - - - - - - - - - - - - - -x
                        :

CAROL ADELBERG, *et ux.*, ARTHUR
ADELBERG and ANTONIO AMENDOEIRA, *et* :
*ux.*, MARIA AMENDOEIRA,
                        :     **No.: 05-006682**

               Plaintiffs,  :

                        :

-against-
                        :     **DEMAND FOR DISABILITY**

                        :     **CLAIM INFORMATION**

PFIZER, INC., PHARMACIA CORPORATION,
a wholly-owned subsidiary of PFIZER, INC., and :
PHARMACIA & UPJOHN COMPANY, a
wholly-owned subsidiary of PHARMACIA
CORPORATION, and MERCK & CO, INC.,
                        :

             Defendants.  :

- - - - - - - - - - - - - - - - - - - - - - - -x

     **PLEASE TAKE NOTICE**, that defendant Merck & co., Inc. ("Merck") pursuant

to Sections 3101 and 3120 of the Civil Practice Law and Rules, hereby demands that plaintiff

provide to the undersigned, within twenty (20) days of service of this Demand, the following:

     1.     With respect to any insurance company which provides or provided to

plaintiff and/or plaintiff's decedent benefits for any disability relative to the events alleged in the

Complaint, duly executed and acknowledged written authorizations required to permit defendant

to obtain the file relative to plaintiff with regard to said benefits, maintained by said insurance

companies. This demand includes, without limitation, reference to those benefits provided under

Medicare, Medicaid, or similar programs. Said authorizations should include, without limitation,

the pertinent file/claim number maintained by said insurance companies.

     **PLEASE TAKE FURTHER NOTICE**, that failure to comply with this demand

will serve as the basis for a motion seeking, in whole or in part, an order precluding plaintiff

upon the trial of this action from offering evidence as to any benefits applied for by plaintiff

and/or plaintiff's decedent or received by plaintiff and/or plaintiff's decedent whether such evidence consists of written or oral treatment.

Dated: New York, New York
      June *13*, 2005

                    HUGHES HUBBARD & REED LLP


                    By: *Vilia B. Hayes*
                      Vilia B. Hayes
                    Attorneys for Defendant
                    Merck & Co., Inc.
                    One Battery Park Plaza
                    New York, New York 10004
                    (212) 837-6000

TO:  Ronald R. Benjamin
      Law Office of Ronald R. Benjamin
      126 Riverside Drive
      P.O. Box 607
      Binghamton, NY 13902-0607

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
- - - - - - - - - - - - - - - - - - - - - - - - -x
                                              :
CAROL ADELBERG, *et ux.*, ARTHUR              :
ADELBERG and ANTONIO AMENDOEIRA, *et*         :
*ux.*, MARIA AMENDOEIRA,                      :
                                              :        No.: 05-006682
                              Plaintiffs,     :
                                              :
                                              :        **DEMAND FOR COLLATERAL**
-against-                                     :        **SOURCE REIMBURSEMENT**
                                              :        **INFORMATION PURSUANT TO**
PFIZER, INC., PHARMACIA CORPORATION,          :        **C.P.L.R. §§3101, 3102 AND 4545**
a wholly-owned subsidiary of PFIZER, INC., and :
PHARMACIA & UPJOHN COMPANY, a                 :
wholly-owned subsidiary of PHARMACIA          :
CORPORATION, and MERCK & CO, INC.,            :
                                              :
                              Defendants.     :
                                              :
- - - - - - - - - - - - - - - - - - - - - - - - -x

        **PLEASE TAKE NOTICE** that defendant Merck & Co., Inc. ("Merck")

pursuant to Sections 3101, 3102 and 4545 of the Civil Practice Law and Rules, hereby

demands that plaintiff provide to the undersigned, within twenty (20) days of service of

this Demand, the following:

        1.      A statement as to whether all or any part of the past or future cost

or expense of medical care, dental care, custodial care, rehabilitation services, loss of

earnings or other economic loss sought to be recovered in this action was or will, with

reasonable certainty, be replaced or indemnified, in whole or in part, from any collateral

source such as, but not limited to, insurance (except life insurance), social security

(except those benefits provided under Title XVIII of the Social Security Act), workers'

compensation, or employee benefits programs (except such collateral sources entitled by

law to liens against recovery of the plaintiff), and, if so, the full name and address of each

organization or program providing such replacement or indemnification, together with an

itemized statement of the amount in which each such claimed item of economic loss was or will, with reasonable certainty, be replaced or indemnified by each such organization or program.

       2.     Duly executed and acknowledged written authorizations required to permit Merck to obtain all records reflecting any collateral source(s) or payment(s), past or future, identified in response to the foregoing demand.

       **PLEASE TAKE FURTHER NOTICE**, that your failure to comply with the above demands will serve as the basis for a motion for the appropriate relief pursuant to the Civil Practice Law and Rules.

Dated: New York, New York
      June *13*, 2005

                     HUGHES HUBBARD & REED LLP


                     By: *Vilia B. Hayes*
                       Vilia B. Hayes
                     Attorneys for Defendant
                     Merck & Co., Inc.
                     One Battery Park Plaza
                     New York, New York  10004
                     (212) 837-6000

TO:  Ronald R. Benjamin
      Law Office of Ronald R. Benjamin
      126 Riverside Drive
      P.O. Box 607
      Binghamton, NY  13902-0607

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

- - - - - - - - - - - - - - - - - - - - - - - - -x

                               :

CAROL ADELBERG, *et ux.*, ARTHUR
ADELBERG and ANTONIO AMENDOEIRA, *et*
*ux.*, MARIA AMENDOEIRA,

                         Plaintiffs,

-against-

PFIZER, INC., PHARMACIA CORPORATION,
a wholly-owned subsidiary of PFIZER, INC., and
PHARMACIA & UPJOHN COMPANY, a
wholly-owned subsidiary of PHARMACIA
CORPORATION, and MERCK & CO, INC.,

                         Defendants.

**No.: 05-006682**

- - - - - - - - - - - - - - - - - - - - - - - - -x

**FIRST SET OF INTERROGATORIES TO
PLAINTIFFS CAROL ADELBERG, ARTHUR ADELBERG,
ANTONIO AMENDOEIRA AND MARIA AMENDOEIRA
PROPOUNDED BY DEFENDANT MERCK & CO., INC.**

Defendant Merck & Co., Inc. ("Merck") propounds the following

interrogatories to plaintiffs Carol Adelberg, Arthur Adelberg, Antonio Amendoeira, and

Maria Amendoeira pursuant to Sections 3102 and 3130-3132 of the Civil Practice Law

and Rules. Each plaintiff is requested to respond separately and in writing on his or her

behalf within twenty (20) days of service.

The following Definitions and Instructions are applicable and are

expressly incorporated into these Interrogatories:

**DEFINITIONS AND INSTRUCTIONS**

    1.    "Merck & Co., Inc." and "Merck" means any of the subsidiaries,

divisions, departments, affiliates, predecessors, successors or offices of the defendant and

by whatever name known, and all present and former officers, directors, employees, trustees, principals, agents, and representatives of Merck, as well as any person acting or purporting to act on its behalf.

2.    "Plaintiff" or "you" or "your" or "yourself" means plaintiff, any of his or her agents, representatives or assigns, as well as any person acting or purporting to act on his or her behalf.

3.    "VIOXX®" means the prescription drug with the chemical name rofecoxib which is the subject of this lawsuit.

4.    "Document" means any writing or record of any type, however produced and whatever the medium on which it was produced or reproduced, and includes, without limitation, the original and any non-identical copy (whether different from the original because of handwritten notes or underlying on the copy or otherwise) and all drafts of papers, letters, telegrams, telexes, notes, notations, memoranda of conversations or meeting, calendars, diaries, minutes of meetings, interoffice communications, electronic mail, message slips, notebooks, agreements, reports, articles, books, tables, charts, schedules, memoranda, medical records, x-rays, advertisements, pictures, photographs, films, accounting books or records, billings, credit card records, electrical or magnetic recordings or tapes, or any other writings, recordings, or pictures of any kind or description.

5.    The term "communications" means all occasions on which information was conveyed from one person to another (a) by means of a document, or (b) verbally, including by means of a telephone or other mechanical or electronic device.

6.     As used herein, the term "person" shall include, wherever appropriate, not only a natural person but also a corporation, partnership, unincorporated association or other association of persons. However, a request for identification of a person having knowledge of facts or custody of a document shall be construed to refer to a natural person.

7.     A response to a request contained in these Interrogatories to "identify" a document shall be sufficient if the individual having custody of the document is identified by name and address, and the document is identified or described by (a) the date, (b) the author, (c) the addressee(s), (d) the type of document (i.e., letter, memorandum, note, etc.), (e) the subject matter, and (f) the number of pages. In lieu of identifying a document, you may attach a copy of such document or documents to your answers to these Interrogatories.

8.     A request to "identify" a person shall be construed as a request for (a) the full name of such person, (b) all other names which such person has used for him or herself, (c) the social security number of such person, (d) the date and place of birth of such person, (e) the present employer of such person, (f) the present office or business address and business telephone number of such person, (g) the present residential address and residential telephone number of such person, (h) the nature the relationship between the plaintiff and such person, (i) the dates of commencement and termination of that relationship, and (j) the reason for the termination of that relationship. If you do not know or cannot determine the present address, telephone number or present employer of any person referred to in your answers to these Interrogatories, please give the last known address, telephone number or employer.

9.     The term "describe in detail" means: (a) describe fully by reference to underlying facts rather than by ultimate facts or conclusions of fact or law, (b) state for each such fact the (1) time, (2) place, and (3) manner of said fact, (c) identify all persons involved, and (d) identify all documents that support, contradict, refer, relate, or mention such facts.

10.     If you object to any Interrogatory or any subpart thereof on the grounds that it calls for disclosure of information which you claim is privileged, then answer such Interrogatory or subpart as follows: (a) furnish all information and facts called for by such Interrogatory or subpart which you do not claim is privileged, and (b) for each communication, recommendation, fact or advice which you claim is privileged, state the basis for your claim of privilege.

11.     Throughout these interrogatories, including the definition of terms, words used in the masculine gender include the feminine; and words used in the singular include the plural.  Where the word "or" appears herein, the meaning intended is the logical inclusion "or" i.e., "and/or."  Where the word "include" or "including" appears, the meaning intended is "including, but not limited to."

12.     When requested to "state each fact" or the "facts upon which you rely" relating to any allegation, fact, legal theory, contention or denial, please furnish a full and complete statement of the factual basis of any such allegation, fact, legal theory, contention or denial, the reason or rationale that such facts so relate or pertain and how such facts so relate or pertain.

## INTERROGATORIES

INTERROGATORY 1:

Please identify yourself, including your full name; all other names you have used or by which you have been known and the period of time during which you were known by such other names; your address; the date and place of your birth; your social security number and, if different, your driver's license number.

ANSWER:

INTERROGATORY NO. 2:

Please describe your educational background, including the name and address of each grade school, high school, college or university, trade school, or graduate school attended; the inclusive dates of attendance; list any majors(s), minor(s), and the degree(s) received.

ANSWER:

INTERROGATORY NO. 3:

Please describe your employment history since age 18, identifying each employer (or period of self-employment), the inclusive dates of each employment, your job title, a description of your duties for each employment, the amount or rate of compensation for each employment, and your reason for leaving each employment.

ANSWER:

INTERROGATORY NO. 4:

        Describe in detail all injuries, diseases, illnesses, disabilities or other medical conditions experienced by you since January 1, 1995.  (<u>See</u> definition 9.)

        ANSWER:

INTERROGATORY NO. 5:

        Please identify by name, address, telephone number, and specialty, if applicable, each and every physician or other healthcare provider whom you consulted, or who treated or examined you for any reason whatsoever since January 1, 1995, and describe in detail the reasons you sought treatment or consultation, the date(s) of the treatment or consultation, all tests performed, the diagnosis, and the medication prescribed.  (<u>See</u> definitions 8 & 9.)

        ANSWER:

INTERROGATORY NO. 6:

        Describe in detail your medication history, other than VIOXX®, including a list of all medications (prescription and non-prescription), and drugs (legal or illegal) that you used since January 1, 1995, the reason each medicine, medication, and/or drug was used, and for each medication or drug, identify its brand or generic name; if it was prescribed, the name and address of the person prescribing it; the name and address of the pharmacy from which such medication was purchased; the dates on which you took the

drug, the amounts and dosage of each drug taken, and the dates and reasons for which you stopped taking it; and the nature of any reaction, including any allergic reaction or side effect experienced by you. (See definition 9.)

ANSWER:

INTERROGATORY NO. 7:

Please identify each and every healthcare provider who prescribed VIOXX® or provided samples of VIOXX® to you. For each healthcare provider, state the condition for which VIOXX® was prescribed or was provided, the dates such prescriptions were issued or such samples were provided, and the dosages. (See definition 8.)

ANSWER:

INTERROGATORY NO. 8:

State the dates on which you started and stopped treatment with VIOXX®, the dosage you were taking, and whether any physician increased or decreased your original prescription at any time. If you, on your own, changed your dosage of VIOXX® or the frequency of the dosage at any time from the dosage recommended by the prescribing physician, state the date on which you made each change, and the actual amount of VIOXX® consumed by you each day. Please also state whether your

VIOXX® usage was uninterrupted.  If your VIOXX® usage was interrupted, please state what was the longest period of continuous usage.

ANSWER:

INTERROGATORY NO. 9:

State the dates on which you started and stopped treatment with Celebrex®, the dosage you were taking, and whether any physician increased or decreased your original prescription at any time.  If you, on your own, changed your dosage of Celebrex®, or the frequency of the dosage at any time from the dosage recommended by the prescribing physician, state the date on which you made each change, and the actual amount of Celebrex® consumed by you each day.

ANSWER:

INTERROGATORY NO. 10:

State the dates on which you started and stopped treatment with Bextra®, the dosage you were taking, and whether any physician increased or decreased your original prescription at any time.  If you, on your own, changed your dosage of Bextra®, or the frequency of the dosage at any time from the dosage recommended by the prescribing physician, state the date on which you made each change, and the actual amount of Bextra® consumed by you each day.

ANSWER:

INTERROGATORY NO. 11:

Describe in detail each injury, illness, disease or condition (i.e., sign or symptom, whether mental, physical or emotional) that you claim to have resulted from your use of VIOXX®; the dates of onset for each injury, illness, disease or condition; and set forth the name and address of all physicians or other healthcare providers with whom you consulted or from whom you sought treatment for these conditions.  (See definition 8.)

ANSWER:

INTERROGATORY NO. 12:

For each injury identified in Interrogatory No. 11, please identify all healthcare providers and experts who will support the claim that VIOXX® caused such injury, the substance of such opinions, and any facts or documents upon which such opinions are based.  Attach to your interrogatory answers a copy of all written reports supporting this claim.  (See definition 7.)

ANSWER:

INTERROGATORY NO. 13:

Identify any member of your family who has experienced cardiovascular events, including heart attacks and strokes, or any other medical condition(s) similar to the condition(s) experienced by you, and, for each person so identified, describe in detail the nature of such medical condition(s).  (See definitions 8 & 9.)

ANSWER:

INTERROGATORY NO. 14:

Separately itemize all expenses and losses that you claim to have incurred or expect to incur as a result of the injuries you claim that you suffered from taking VIOXX®, including the dollar amount of hospital bills and identity of the hospital; medical bills with the names and addresses of the persons requesting payment; nursing bills with the names and addresses of the persons requesting payment; loss of earnings including the names and addresses of employers; and any other similar expenses and damages, specifying type, amount and person to whom such amount is due.

ANSWER:

INTERROGATORY NO. 15:

If you have ever been given disability ratings for accident, health or life insurance, please identify the healthcare provider that assigned each such rating, the date on which you were given each disability rating, and the reason for which you were given each disability rating.

ANSWER:

INTERROGATORY NO. 16:

NY 949799_1.DOC

State whether you have undergone any additional physical examinations, including examinations in connection with employment or any application for employment or for life insurance since January 1, 1995, and if so, state the date of any such examination, who conducted the examination, on whose behalf the examination was made, whether there is a report of such physical examination, and if any such physical examination resulted in action being taken on your behalf or against you, please describe such action.

ANSWER:


INTERROGATORY NO. 17:

Identify each carrier or plan that at any time has provided you with or has rejected your application for life, medical, health, disability and/or compensation coverage, either individually or as a member of an insured family, including group insurance coverage under policies of insurance issued to or on behalf of a spouse or other family member, and as part of your response, include any applicable policy or identification number.  If the application was rejected, please state:

      (a) The date of rejection;

      (b) The type of insurance for which you applied;

      (c) The name and address of the insurance company with which the application was filed; and

      (d) The reason given for the rejection.

ANSWER:

NY 949799_1 DOC

INTERROGATORY NO. 18:

Describe in detail every written claim or demand for compensation you have made, including, but not limited to, pre-lawsuit demands to settle, lawsuits, workers' compensation claims, social security disability claims, and/or claims for veteran's benefits including the nature of the proceeding; the date, time, and place of the event for which damages were sought; the name, address, and telephone number of each person against whom the claim was made; the name, address, and telephone number of any attorney; and whether the claim has been resolved or is pending; the caption and case number of the action; the court or tribunal in which the action was pending and the date it was filed; and the disposition of the action. (See definition 9.)

ANSWER:

INTERROGATORY NO. 19:

Identify all facts upon which you rely to support your contention that VIOXX® caused or contributed to your alleged injuries. Identify any other factors that you believe may have contributed to your injuries.

ANSWER:

INTERROGATORY NO. 20:

        Since you have claimed injuries resulting from the ingestion of VIOXX®, Celebrex®, and/or Bextra®, please identify what you claim is the relative culpability of each defendant and the facts upon which you rely to hold both defendants jointly liable pursuant to C.P.L.R. Article 16.

        ANSWER:

INTERROGATORY NO. 21:

        Describe in detail each and every fact upon which you base any claim that VIOXX® was defective and/or dangerous. (See definition 9.)

        ANSWER:

INTERROGATORY NO. 22:

        For each instance that you claim that a doctor prescribed any VIOXX® for you, state whether the prescribing doctor gave you any oral or written warning about the potential side effects of the drug or stated any precautions, and if so, state in detail and completely the substance of the warning(s). Identify any documents containing or referring to such warnings or precautions.

        ANSWER:

NY 949799_1 DOC

INTERROGATORY NO. 23:

        Describe in detail any warning you claim was defective and/or inadequate concerning VIOXX®; and how the warning was inadequate in light of medical knowledge concerning VIOXX® at the time it was prescribed to you; and a verbatim statement of the warning that you or your experts contend is an adequate warning, how it would have prevented your injuries or damages, whether such warning should have been written or oral, and when and to whom it should have been provided. (See definition 9.)

        ANSWER:


INTERROGATORY NO. 24:

        Set forth with particularity each and every act or omission upon which you base any claim that Merck was negligent in the design, manufacture, production, testing, studying, researching, inspection, mixture, labeling, marketing, advertising, sales, promotion, and/or distribution of VIOXX®. Identify what you contend in paragraph 12 of the Complaint would have been the "proper testing" of this medication. State the name and title of each person who performed an alleged negligent act or omission.

        ANSWER:

INTERROGATORY NO. 25:

Identify all persons whom you contend engaged in intentional efforts to hide and withhold from the public safety concerns linking VIOXX® to increased heart risks as alleged in paragraph 13 of the Complaint. Describe specifically and identify each person responsible and the date of each and every alleged intentional act.

ANSWER:

INTERROGATORY NO. 26:

Please identify all communications by you or any member of your family, whether oral, written or electronic (including communications as part of internet "chat rooms" or e-mail groups), with doctors, Merck representatives, or other persons not including your counsel, regarding VIOXX®, your injuries, or this case.

ANSWER:

INTERROGATORY NO. 27:

Describe any and all contacts that you had with any VIOXX®-related advertising, marketing and promotion. List all advertisements, including television, radio, and print, with which you came in contact, including the date on which you were exposed to such advertising. Please identify with specificity the advertising upon which you relied when ingesting VIOXX®.

ANSWER:

NY 949799_1.DOC

INTERROGATORY NO. 28:

        Please describe in detail each alleged misrepresentation or omission relative to VIOXX® that you contend was made to you and the general consuming public. For each statement, identify the maker of the statement, the person(s) to whom the statement was made, the circumstances under which such misrepresentation was made, the date(s) upon which such misrepresentation was made or published, and the publication, advertisement, press release, TV ad or other vehicle through which such misrepresentation was disseminated. For each statement that you contend was fraudulently made, please state the basis for your contention that these statements were made with reckless disregard to their truth.

        ANSWER:

INTERROGATORY NO. 29:

        Please state each fact upon which you base your claim that Merck breached an express or implied warranty of fitness and/or merchantability, and identify all witnesses and documents on which you will rely in support of your claim.

        ANSWER:

INTERROGATORY NO. 30:

Identify all information demonstrating that knowledge of the "serious side effects" of VIOXX® that you contend in paragraphs 11 and 26 of the Complaint was in Defendant's possession and was not disclosed adequately to the medical community, individual physicians and the public.

ANSWER:

INTERROGATORY NO. 31:

Please state each and every fact and circumstance upon which you base any claim for exemplary damages, including the identity of any witnesses who will testify in support of your allegations of fraud, ill-will, recklessness, gross negligence, and willful or intentional disregard of plaintiff's individual rights. Please provide a full description of the acts or omissions that you allege demonstrate such conduct and any documents upon which you rely in support of said allegations.

ANSWER:

INTERROGATORY NO. 32:

Provide the factual basis and a computation for each category of damages you claim and identify all witnesses who will testify in support of each category of damages and all documents upon which you will rely in support of each category of damages.

ANSWER:

INTERROGATORY NO. 33:

Do you rely on any statutes, codes, standards, regulations, rules, texts, medical journals, medical articles, or treatises to establish any alleged defect or unreasonably dangerous condition of VIOXX®?  If so, identify each such document and the appropriate section or page number on which you rely.

ANSWER:

INTERROGATORY NO. 34:

Please describe in detail all deceptive acts or practices that you contend violated New York General Business Law §349.

ANSWER:

INTERROGATORY NO. 35:

Please describe all facts upon which you rely to support a loss of consortium claim, related but not limited to any changes in your daily activities, the nature of your relationship with your spouse, and your ability to enjoy life as result of the injuries you allegedly have sustained as a result of your use of VIOXX®.

ANSWER:

Dated: New York, New York
       June _13_, 2005

                                        HUGHES HUBBARD & REED LLP


                                        By: *Vilia B Hayes*
                                            Vilia B. Hayes
                                            Attorneys for Defendant
                                            Merck & Co., Inc.
                                            One Battery Park Plaza
                                            New York, New York  10004
                                            (212) 837-6000

TO:  Ronald R. Benjamin
     Law Office of Ronald R. Benjamin
     126 Riverside Drive
     P.O. Box 607
     Binghamton, NY  13902-0607

NY 949799_1.DOC

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                      :

CAROL ADELBERG, *et ux.*, ARTHUR ADELBERG and :
ANTONIO AMENDOEIRA, *et ux.*, MARIA
AMENDOEIRA,

                    Plaintiffs, :   **No.: 05-006682**

-against-                        :   <u>**AFFIDAVIT OF SERVICE**</u>

PFIZER, INC., PHARMACIA CORPORATION, a :
wholly-owned subsidiary of PFIZER, INC., and
PHARMACIA & UPJOHN COMPANY, a wholly-owned :
subsidiary of PHARMACIA CORPORATION, and
MERCK & CO, INC.,

                    Defendants. :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

      SARAH A. BINDER, being duly sworn, deposes and says that she is over the age

of 18 years and not a party to this action, that she is associated with the firm of Hughes Hubbard

& Reed, counsel for Defendant, and that, on June 13, 2005, she served a true and accurate copy of

the Notice to Take Deposition, the First Set of Requests for Production of Documents to Plaintiff

Sonia Alicea Propounded by Defendant Merck & Co., Inc., the Demand for Disability Claim

Information, the Demand for Statements, the Demand for Expert Disclosure, the Demand for

Names and Addresses of Witnesses, the Demand for Collateral Source Reimbursement

Information Pursuant to C.P.L.R. §§3101, 3102 and 4545, and the First Set of Interrogatories to

Plaintiff Sonia Alicea Propounded by Defendant Merck & Co., Inc. via first-class mail, postage

prepaid, on plaintiff's counsel, Ronald R. Benjamin, Law Office of Ronald R. Benjamin, 126

Riverside Drive, Binghamton, New York 13902 and on counsel for Defendant Pfizer, Inc.,

Christopher Strongosky, DLA Piper Rudnick Gray Cary US LLP, 1251 Avenue of the Americas,

New York, New York 10022.

Sarah A. Binder

Sworn to before me this
13 day of June, 2005 .

Notary Public

ALYSSA BENJAMIN
Notary Public, State of New York
No 02BE6123029
Qualified in New York County
Commission Expires February 28, 2009

# Supreme Court

## COUNTY OF NASSAU

CAROL ADELBERG, et ux. ARTHUR ADELBERG
and ANTONIO AMENDOEIRA, et ux. MARIA
AMENDOEIRA,

Plaintiffs,

- against -

PFIZER, INC., PHARMACIA CORPORATION, a
wholly-owned subsidiary of PFIZER, INC., and
PHARMACIA & UPJOHN COMPANY, a wholly-
owned subsidiary of PHARMACIA CORPORATION,
and MERCK & CO., INC.,

Defendants.

### ORIGINAL

COMBINED DEMANDS OF DEFENDANT
MERCK & CO., INC.

## Hughes Hubbard & Reed LLP

One Battery Park Plaza
New York, New York 10004-1482
Telephone: 212 837-6000

Attorneys for Defendant
MERCK & CO., INC.

By:

Vilia B. Hayes, Esq.

